DOWNEY, Judge.
We have for review an interlocutory order setting aside a judicial sale in a mortgage foreclosure at the behest of the second highest bidder at the sale.
The trial court had originally entered a summary final judgment of foreclosure in which it provided, among other things:
. the Clerk of this Court shall sell that property at public sale at 11:00 a. m. on the 19th day of January, 1976, to the highest bidder or bidders for cash in the lobby of the Broward County Courthouse, Fort Lauderdale, Florida, after having first given notice as required by Section 45.031, Florida Statutes.”
At the sale appellants bid $146,000.00, and the property was struck off to them. The second highest bidder was a Mr. Byrd, who bid $145,000. At the commencement of the sale the clerk had announced that one-third of the bid price would have to be paid at the time of the sale and the remainder by 2:00 p. m. on the sale date. After appellants were declared the high bidders, they paid the clerk $51,822.17. Appellants asked the clerk if they could furnish the remainder by the following day, and the clerk consented. On the following day appellants became involved in a traffic jam resulting from an accident. They called the clerk and asked him to remain open so they could deliver the balance of the purchase price to him that day. The clerk advised appellants they could bring in the remaining funds the next day (January 21, 1976). On January 21, 1976, at 8:30 a. m. appellants delivered to the clerk the remaining balance, and in due course a certificate of sale was issued to appellants.
Thereupon, Thomas E. Byrd, trustee, filed a motion to set the sale aside or confirm him as the successful bidder. Byrd contended that the judgment of foreclosure had ordered the clerk to sell to the highest bidder for cash; he, Byrd, was prepared on January 19th to pay $145,000 in cash; but the clerk allowed appellants additional time to pay the balance of their bid, all contrary to law.
The situation presented is somewhat novel but there is authority in similar circumstances from which we obtain some guidance.
In O’Malley v. McMullen, 294 So.2d 379 (Fla.2d DCA 1974), the judgment of foreclosure directing the sale of property provided that all bidders should be required to have “in hand cash or equivalent.” The clerk required bidders to do just that. On motion the trial court set aside the sale because the clerk’s requirements were too restrictive and stifled bidding. On appeal the court discussed the general latitude afforded the clerk in judicial sales as follows:
“It should be noted that the recommended form for final judgment of foreclosure (form No. 1.996) in the Florida Rules of Civil Procedure, 31 F.S.A. specifies that the clerk of the court shall sell the property at public sale “to the highest bidder for cash.” Courts have uniformly held that promissory notes or personal checks are not acceptable tender at a public sale for cash. Hence, the question might properly be asked whether that language, assuming it be traditional language, would mandatorily require the clerk to insist on cash or its equivalent to be furnished at the time of making a bid. The fact that there is so little law on this subject suggests the probability that the clerks of our circuit courts are able to work it out along practical lines such as that followed in Pinellas County. Obvi *450 ously, it would be ridiculous to require each bidder to come to a public sale with a satchel full of money, and one could not very practically bring certified checks because he would not know how much it was going to take in order to become the successful bidder. If the highest bidder is given a reasonable time within which to come up with the cash, no one should be hurt. The determination of what constitutes a reasonable time is left to the clerk under the supervision of the court.[8]

The rule is also stated in 50 C.J.S. Judicial Sales § 30:
“The bidder may be allowed a reasonable time after the bidding within which to meet a requirement for an immediate cash deposit or payment forthwith of the money bid. A delay of a few days has been held not to avoid the sale if no injury resulted therefrom . . .”
(Footnotes omitted.)
The evidence adduced upon Byrd’s motion to set aside the sale demonstrated no fraud upon anyone, no trickery exercised by anyone, and no harm accruing to anyone involved in the foreclosure litigation. The sale took place January 19,1976; $51,822.17 was paid that day and the full balance was paid January 21, 1976. Neither the plaintiffs or defendants in the original foreclosure suit nor any creditor has raised any objection to the proceedings. Byrd alone as the disappointed second highest bidder, has objected. Under the circumstances of this case we can conceive of no valid reason to set aside the sale and thus we hold the trial judge abused his discretion.[1]
Accordingly, we reverse the order appealed from and remand the case for further proceedings consistent herewith.
REVERSED and REMANDED.
MAGER, C. J., and CROSS, J., concur.

“8 The case of Williams v. Continental Securities Corporation, 1944, 22 Wash.2d 1, 153 P.2d 847, provides a good discussion of accepted bidding procedures at public sales. See also Matthews v. Eslinger, 1955, 41 Tenn.App. 116, 292 S.W.2d 543.” 294 So.2d at 383-384.

. “The court has much discretion as to the sufficiency of the grounds for setting aside the sale, especially where the rights of infants are involved. However, such discretion is not an arbitrary one, and must be exercised with due regard for the rights of all parties involved, measured by legal equitable standards, and there must be a basis of fact or circumstance to justify the exercise thereof.” 50 C.J.S. Judicial Sales § 52 c (footnotes omitted).