506 So.2d 1088 (1987)
David L. HEILMAN, Appellant,
v.
SUBURBAN COASTAL CORP., a New Jersey Corporation, Authorized to Do Business in the State of Florida, Timothy F. Harrington, Linda Manfredi and Angela Santorelli a/K/a Angela S. Joyce, Appellees.
No. 4-86-1761.
District Court of Appeal of Florida, Fourth District.
April 29, 1987.
Rehearing Denied June 5, 1987.
*1089 Stephen L. Cook, West Palm Beach, for appellant.
C. Andrew Coomes and John M. McCormick, Orlando, for appellee-Suburban Coastal Corp.
HERSEY, Chief Judge.
This is but one of a series of approximately twenty cases initiated thus far by appellant in this court. The underlying theme is appellant's unsuccessful attempts to purchase property at foreclosure sales.
In the present case, appellant's bid of $3,000 was unsuccessful against the bid of the mortgagee of its credit of $86,706.00. Appellant was permitted to intervene in the foreclosure action where he raised the following issue, stipulated by both parties at a hearing before the trial court to be the sole issue to be decided:
Whether an attorney personally must appear at the judicial sale for a mortgage foreclosure, or may that attorney, instead, employ and appear through a designated non-attorney such as a title company to bid the clients' mortgage credit without violating Canon 3, DR-3-101(A) or DR-3-104(A) of the Code of Professional Responsibility as promulgated by the Supreme Court of the State of Florida.
His points on appeal are stated thusly:
I. Is a foreclosure sale a "judicial proceeding" which is part of the judicial process, and if so, was appellant entitled to have [the agent's] bid struck as a violation of the disciplinary rules constituting unauthorized practice of law against public policy.
II. Is a mortgage foreclosure action an equity action and if so does equity require that the trial court award the property to appellant.
The practice of which appellant complains is bidding of the mortgagee's credit by an agent who is not a licensed attorney. His position is that such a bid should be treated as void; that, as a consequence the property must be deeded to the next highest bidder.
A judicial sale is a sale made as the result of a judicial proceeding under a judgment, order or decree of the court. The sale itself is part of the judicial process but it is not a judicial proceeding. Being merely ancillary to those proceedings, it is a ministerial act, an offering of the debtor-mortgagor's property for sale pursuant to a final judgment of foreclosure.
Any authorized agent of a principal may bid at such a sale, whether the principal is a party or a stranger to the action. Bidding at a foreclosure sale by a lawyer for his client is NOT the practice of law. It does not involve the rendition of legal services which call for the exercise of the professional judgment of a lawyer. Based on Ethical Consideration 3-6, Code of Professional Responsibility, it is a task which is properly delegable to a nonlawyer, because it assists the attorney in carrying the matter to a completed product, while he retains the direct relationship with the client (here, the mortgagee) and supervises the delegated task of appearance at the foreclosure sale.
Further, Heilman does not have standing in court to complain about the activities of another which may or may not be the unauthorized practice of law. In Dade-Commonwealth Title Insurance Company v. North Dade Bar Association, 152 So.2d 723 (Fla. 1963), the supreme court held that a suit to enjoin title companies from causing legal documents to be prepared by their agents in consummating real estate transfers and mortgages because it constituted the unauthorized practice of law could not be maintained even by an attorney or a local bar association. Such a suit can be brought only by the Florida Bar as the official arm of the supreme court, and neither an attorney or a local bar association has standing to bring such an action.
Even if the challenge to the foreclosure were brought by the Florida Bar and it was found that the agent's presence at the foreclosure *1090 sale constituted the unauthorized practice of law, the foreclosure sale would not be void, but merely voidable at the discretion of the court which exercised jurisdiction over the foreclosure action. If the court found that it would be inequitable to allow a sale to stand, the next step would be to order a resale of the mortgaged property. No case holds that the property would be awarded to the second highest bidder, nor is there any support in logic for such a result. If it were otherwise, the mortgagee and the mortgagor here would have more than adequate grounds to have the sale set aside, because Heilman's bid of $3,000 would unquestionably be considered grossly inadequate.
Appellant's argument that he is entitled to a conveyance of the property because of the lack of clean hands of another bidder totally ignores the interest of the mortgagor (who is not tainted by the alleged lack of clean hands on the part of the mortgagee) in obtaining the highest price possible in order to reduce the amount of any possible deficiency judgment. If the bidding process is flawed (which is not the case here), the mortgagor would be entitled to appropriate relief which, in most instances, would simply require another foreclosure sale. Whether there are sufficient grounds to set aside the sale is a matter within the exercise of the discretion of the judge of the court that has supervision over the sale, which will not be interfered with except where it is abused. In Mitchell v. Mason, 75 Fla. 679, 79 So. 163, 165 (1918), the court said:
The order of confirmation is equivalent to an adjudication that the sale was one proper to be approved. It creates a presumption of the regularity of the proceedings. And while an interested party may attack an order of confirmation ... we think it is proper to give to the chancellor's decision the same consideration that is given to his decisions upon any other matter before him resting upon evidence. Unless it clearly appears that his decision was erroneous this court will not disturb his ruling.
Finally, we agree that a bidder has standing to complain that a particular bid is invalid since he has a direct financial interest by virtue of his own bid. That interest, however, is extremely narrow and is confined to the issue of whether the amount of the bid exceeds his own and whether payment in accordance with the successful bid is forthcoming. In the absence of fraud in the bidding process itself, a stranger to the foreclosure action does not, merely by entering a bid, acquire standing to complain of supposed defects in the foreclosure proceedings or in the state of the title to the property. Thus, under ordinary circumstances he has no standing to even inquire into the authority of an agent.
We had assumed all of the foregoing to be accepted and well-known practice and have written only to eliminate the recently accelerating burden on the process caused by inappropriate objection and intervention by unsuccessful bidders.
We affirm. Since appellee stipulated to the existence of a triable issue, which issue we have here hopefully put to rest, we do not reach the question of the imposition of attorney's fees against appellant pursuant to section 57.105, Florida Statutes (1985).
AFFIRMED.
GLICKSTEIN and GUNTHER, JJ., concur.