PER CURIAM.
We reverse the trial court’s Order Denying Objections to Sale and Confirming Sale to the extent that it fails to provide appel *119 lant Cohen a pro rata distribution of the foreclosure sale bid of appellee/purchaser Metropolitan Federal Savings and Loan Association [Metropolitan].
Pursuant to court order, the receiver issued eleven certificates. Cohen purchased a receiver’s certificate for $80,000.00 and Metropolitan purchased the remaining certificates for $304,042.27. The receiver’s certificates state that “[t]he aforesaid principal amount plus interest thereon shall become due and payable one year from date or upon the mortgage foreclosure sale date.... Said sums shall constitute a first lien, superior in right, title and dignity to all other mortgages, liens and encumbrances _” The Final Judgment of Foreclosure also expressly grants the receiver’s certificates first priority upon distribution of the proceeds of the sale but, because the sale yielded no cash, Cohen received no funds.[1]
We instruct the trial court to enter an order directing Metropolitan to pay Cohen the sum of $16,706.49,[2] representing his pro rata share of the sale proceeds. See Frank v. Land Serv., Inc., 327 So.2d 851 (Fla. 2d DCA), cert. denied, 341 So.2d 1081 (Fla.1976). In all other respects, we affirm the order appealed. See Heilman v. Suburban Coastal Corp., 506 So.2d 1088, 1090 (Fla. 4th DCA 1987) (quoting Mitchell v. Mason, 75 Fla. 679, 79 So. 163, 165 (1918)) (“The order of confirmation is equivalent to an adjudication that the sale was one proper to be approved. ... Unless it clearly appears that [the trial judge's] decision was erroneous this court will not disturb his ruling.”)
Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.

. The Final Judgment of Foreclosure permitted receiver’s certifícate holders to receive credit for their bids at the foreclosure sale to the extent of their receiver’s certificates. Therefore, Metropolitan’s winning bid of $80,200.00 was not paid in cash.

. Cohen held approximately 21% of the issued certificates. The total bid on the foreclosed property was $80,200.00, and Cohen’s pro rata share is $16,706.49.