PER CURIAM.
Gulf State Bank appeals an order that sets aside the January 14, 1992, judicial sale of real property in circuit case no. 91-183, and the March 8,1991, judicial sale of an alcoholic beverage license in circuit case no. 90-336. The order also reinstates the foreclosure judgments with respect to those properties, and orders a new judicial sale of those properties. Gulf State raises four issues on appeal: (1) in circuit case no. 90-336, the circuit court erred in setting aside the judicial sale of the beverage license to George D. George; (2) in circuit case no. 91-183, the circuit court erred in not sustaining the Gulf State’s affirmative defense of estoppel against Elizabeth Atkinson and Skyline Motor Lodge, Inc.; (3) in circuit case no. 90-336, the circuit court erred in requiring Gulf State to repay all monies paid by George for the beverage license at the judicial sale because Gulf State received only a portion of the proceeds; and (4) in circuit case no. 91-183, the circuit court erred in granting summary judgment in favor of the first mortgage holders, Atkinson and Skyline, without allowing the second mortgage holder, Gulf State, to contest the amount of the foreclosure judgment entered in a proceeding where the second mortgage holder was not made a party. We affirm in part and reverse in part.
Each of the points raised by Appellant arises out of the trial court’s exercise of its equitable powers. Hence, the standard of appellate review is whether any abuse of discretion in exercising that power has been shown by Appellant. Upon a showing that a judicial sale resulted from any mistake, accident, surprise, misconduct, fraud or irregularity in the conduct of the sale, the circuit court, in the exercise of its equity jurisdiction, has discretion to set aside the judicial sale in the exercise of its right and duty to supervise the process and “protect parties from all fraud, unfairness, and imposition” therein. Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561 (1929); Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. 995, 998 (1905). We find no abuse of discretion under the circumstances of this case, with one exception. In setting aside the judicial sale of the beverage license in circuit court case no. 90-336, the circuit court ordered Gulf State to refund to George “all monies paid by [George] for the Beverage License he purchased at the foreclosure sale.” However, the record indicates that out of $48,000.00 in proceeds George paid to the clerk of the court for the license, Gulf State received only $46,301.53 of the proceeds. The remainder of the proceeds, $1,698.47, apparently was either defaulted to the Board of County Commissions or paid to the licensee, Blue Skies, Inc., of Georgia. Requiring the Bank to repay more funds that it received constitutes an abuse of discretion.
Accordingly, we vacate that portion of the appealed order requiring Gulf State to refund the full amount of the proceeds paid by George for the license, and remand with direction to refund only $46,301.53, the sum Gulf State actually received from the proceeds of the sale. The order is affirmed in all other respects.
*163 AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER, C.J., and ERVIN and SMITH, JJ., concur.