BENTON, J.
After she failed to make mortgage payments, and ignored the correspondence and legal papers that resulted, a foreclosure judgment was entered against Katherine A. Lyon, her house was sold at auction to satisfy the judgment, and the new owner sought and obtained a writ of possession. Katherine’s lawyer then filed an emergency motion for stay of writ of possession and an emergency motion to vacate sale and set aside final judgment. After a hearing, these motions were denied.
On appeal, counsel, now representing Ann Lyon, Katherine’s after-appointed guardian, argues that a homestead owner’s putative, unadjudicated incapacity to make mortgage payments and respond to legal process, because of “a dissociative disorder since childhood” causing “self-destructive behavior, a severely low self-esteem, and denial,” can be a basis to set aside a default foreclosure judgment and judicial sale. But this abstract question is not before us for decision.
As for what is before us, the appellant has failed to establish grounds for reversal. The trial court denied relief after conducting a hearing under Florida Rule of Civil Procedure 1.540, presumably taking the competing equities in the present case into account. This order has not been shown to be an abuse of discretion. See Gulf State Bank v. Blue Skies, Inc. of Ga., 639 So.2d 161, 162 (Fla. 1st DCA 1994) (appellant must show an “abuse of discretion”). See also LPP Mortgage Ltd. v. Bank of Am., N.A., 826 So.2d 462, 463-64 (Fla. 3d DCA 2002) (“Whether relief should be granted pursuant to Rule 1.540 is a fact specific question and the trial court’s ruling should not be disturbed on appeal absent a gross abuse of discretion.”). Appellant does not contend that an additional opportunity to present evidence was requested at the emergency hearing, and has not shown that any procedural irregularity occurred.
Affirmed.
ALLEN, J., Concurs; ERVIN, J., Dissents with Opinion.