KELLY, Judge.
The appellants, REO Properties Corporation (REO Properties) and Branch Banking &' Trust Company (BB & T), appeal from the order of the trial court setting aside a foreclosure sale based on an objection by the losing bidder at-the sale. Because the objecting party failed to establish a valid basis for setting aside the sale, we conclude that the trial court abused its discretion and accordingly reverse.
REO Properties and BB & T held the first and second mortgages on property that was to be sold at a foreclosure sale. BB & T, the second mortgage holder, was the high bidder at the sale. When BB & T tendered its check to the clerk of the court, appellee Robert Binder, who had placed the second highest bid, complained to the clerk that BB & T’s check “was not according to the instructions read by the Clerk of the Court prior to the commencement of the sale.” An associate of Binder’s tendered checks- and cash to the clerk urging the clerk to accept them rather than BB & T’s check. After reviewing the checks, the clerk’s office announced it would conduct a new sale, a procedure it employed when á successful bidder failed to pay the required deposit. Binder was the highest bidder in this round of bidding although his bid was substantially lower than BB & T’s bid in the first round. *574 While this was going on, BB & T was attempting to get the clerk’s office to accept its check. Ultimately, the clerk’s office agreed the check was proper and accepted it, returned Binder’s cash and checks, and issued a certificate of sale to BB &T.
Binder filed an objection, stating that the sale should be set aside because “BB & T did not present an ‘official check’ or ‘money order’ ” as required by the rules read by the clerk at the beginning of the sale. Binder’s objection stated that accepting BB & T’s check was “contrary to accepted rules established by the Clerk of no personal checks. ‘Official Check’ ‘Money Order’ or ‘CASH’. No Exceptions!” After an evidentiary hearing, the trial court entered an order sustaining Binder’s objection to the sale. In addition to setting aside the sale, the trial court ordered the clerk to issue a certificate of sale to Binder.
REO Properties and BB <& T challenge the trial court’s order on several grounds. As a threshold matter, they contend that Binder had no standing to object to the form of the check. A losing bidder has standing to complain that a particular bid is not valid because he has a direct financial interest by virtue of his own bid. Heilman v. Suburban Coastal Corp., 506 So.2d 1088, 1090 (Fla. 4th DCA 1987). However, that standing is “confined to the issue of whether the amount of the bid exceeds his own and whether payment in accordance with the successful bid is forthcoming.” Id. In the absence of fraud in the bidding, “a stranger to the foreclosure action does not ... acquire standing to complain of supposed defects in the foreclosure proceedings.” Id. Binder objected to the form of the check BB & T submitted to the clerk. He did not allege that any fraud had occurred in the bidding process nor did he contend that BB & T’s payment to the clerk was not “forthcoming.” Thus, his objection was not one that he had standing to make.
Moreover, his objection fails on its merits. Binder’s objection was based on the erroneous assertion that the clerk’s announced policy required either an “official check,” money order, or cash as the exclusive methods of payment. The announced policy says nothing about “official checks” and while it lists cash, cashier’s check, or money order as acceptable forms of payment, it does not indicate that there are “no exceptions.” At the evidentiary hearing, a supervisor from the clerk’s office testified that the office regularly accepted checks that were not cashier’s checks provided the funds were guaranteed. After Binder complained about BB & T’s check, the clerk’s office verified that it represented guaranteed funds. The clerk did not act contrary to its announced policy, and it was within the clerk’s discretion to accept BB & T’s check at the conclusion of the bidding process and hold it until it could verify the funds were guaranteed. Cf. Smith v. First Nat’l Bank of Pompano Beach, 336 So.2d 448 (Fla. 4th DCA 1976) (noting that clerks may exercise some discretion in obtaining payment from the successful bidder at a foreclosure sale). Finally, REO Properties and BB & T argue, and we agree, that even if Binder had presented a valid basis to set aside the sale, the only remedy available to the trial court was to require another sale, not to award the property to the second highest bidder. See Heilman, 506 So.2d at 1090.
We find no legal significance in the fact that the clerk acceded to Binder’s initial complaint regarding the form of BB & T’s check and allowed Binder another opportunity to bid while precluding BB & T from doing so. Binder improperly interjected himself into the clerk’s decision to accept BB & T’s check. The subsequent *575 bidding that occurred was at best premature because the clerk’s office was still considering whether BB & T’s payment was acceptable. The clerk’s office acted properly when it finally issued the certificate of sale to the highest bidder, BB & T. The second round of bidding occurred only because of Binder’s improper interference, and the fact that it occurred should not confer on Binder more of an interest in the proceedings than he would have had if he had simply filed an objection to the sale rather than trying to thwart it.
Accordingly, we reverse the order vacating the sale to BB & T and we remand to the trial court to reinstate the clerk’s certificate of sale that was issued to BB & T.
Reversed and remanded.
WALLACE, J., and ROBERTS, CHARLES E., Associate Judge, Concur.