MARSTILLER, J.
The Jagodinskis successfully bid $300,000 in a mortgage foreclosure sale of a condominium in Bay County, Florida, and received a certificate of sale. After the Clerk of Court (“Clerk”) issued the certificate, unsuccessful bidder Eddie Gaw wrote a letter to the court asserting irregularities in the sale. Mr. Gaw, the third highest bidder with a bid of $250,000, alleged that the Jagodinskis did not “immediately” post the required five percent deposit and did so in a form other than cash or a cashier’s check, as specified on the Clerk’s web site. The trial court agreed and entered an order granting Mr. Gaw’s objection to the foreclosure sale, setting the sale aside, and ordering a new sale. The Jagodinskis argue Mr. Gaw lacked standing to challenge the sale on the bases asserted, his letter did not constitute an objection, and even if Mr. Gaw could rightly challenge the sale, the court abused its discretion by vacating the sale for the reasons Mr. Gaw advanced. We find the dispositive issue is Mr. Gaw’s standing and conclude he lacked standing to object to the foreclosure sale based on the timing and form of the Jagodinskis’ deposit.
A bidder in a foreclosure sale, who is not party to the foreclosure proceedings, generally only has standing to challenge the validity of a particular bid. Heilman v. .Suburban Coastal Corp., 506 So.2d 1088 (Fla. 4th DCA 1987). In that instance, the bidder’s objection is limited to whether the challenged bid “exceeds his own and whether payment in accordance with the successful bid is forthcoming.” *793 Id. Beyond these narrow grounds, a non-party bidder can only challenge the foreclosure sale if there has been fraud in the bidding process. Id. Absent such fraud, “a stranger to the foreclosure action does not, merely by entering a bid, acquire standing to complain of supposed defects in the foreclosure proceedings or in the state of the title to the property.” Id.
In REO Properties Corporation v. Binder, 946 So.2d 572 (Fla. 2d DCA 2006), a case remarkably similar to this one, the losing bidder in a foreclosure sale sought to vacate the sale because the winning bidder made payment to the clerk of court in some form other than official check, money order or cash, pursuant to the clerk’s published rules. Id. at 574. The court held that the losing bidder had no standing to challenge the form of the winner’s payment. Id. Relying on Heilman, the court reasoned that the bidder “did not allege that any fraud had occurred in the bidding process” or that the winner’s “payment to the clerk was not ‘forthcoming.’ Thus, his objection was not one that he had standing to make.” Id. Like the losing bidder in that case, Mr. Gaw asserted neither fraud in the bidding process nor that the Jagodinskis’ payment of the deposit or sale price was not forthcoming. Rather, he challenged the Clerk’s acceptance of a check from the Jagodinskis’ law firm in lieu of one of the required forms of payment and the Jagodinskis’ approximately three-hour delay in paying the deposit. Under Heilman and Binder, Mr. Gaw, as the losing bidder who was not a party to the foreclosure action, did not have standing to raise these challenges. For that reason, the trial court erred in setting aside the sale and ordering a new one based on Mr. Gaw’s objections.
Accordingly, we reverse the order vacating the foreclosure sale to the Jagodinskis, and remand to the trial court to vacate the subsequent sale to Appellee, Washington Mutual Bank, and reinstate the certificate of sale the Clerk issued to the Jagodinskis.
REVERSED and REMANDED with directions.
HAWKES, J., concurs; WOLF, J., dissents with opinion.