WOLF, J.,
dissenting.
The majority reverses the judgment of the trial court vacating the foreclosure sale on the basis that appellee lacked standing. Appellee presented evidence, which the trial court accepted, that demonstrated an inequity in the sales procedure which placed him at a material disadvantage as compared to the winning bidder. This inequity did not allow him to compete fairly for the property. Under these circumstances, I cannot agree that appellee lacked standing, especially in light of longstanding principles in this state providing trial courts with discretion to set aside judicial sales when equity dictates.
In this case, the trial court specifically determined that the Bay County Clerk of Courts website contained the following statement: “Immediately after the final bid is made and accepted, the successful bidder must post with the Clerk a deposit equal to 5% of the final bid in cash or cashier’s check.” Further, the court concluded:
testimony established that these instructions were repeated by a representative of the Clerk’s office and that some of the bidders in attendance understood “immediately” meant at the time of sale and not after a delay of hours. The Gaws appeared with a cashier’s check in hand prepared to bid up to $250,000, and when their $250,000 bid was exceeded, the Gaws, abiding by the directions of the Bay County Clerk of Court’s Office, ceased bidding. The court finds that *794 the process of allowing the winning bidder to have his representative leave the courthouse and obtain the funds approximately three hours later was, in this sale, contrary to the announced procedure and placed bidders, such as the Gaws, at a disadvantage.
Thus, by following the announced procedures, appellee was limited in his bid by the actual amount he had available at the bid site. The winning bidder did not face such limitation. As such, appellee demonstrated standing by establishing he suffered a substantial injury as a result of this procedural irregularity.
As far back as 1929, the Florida Supreme Court has acknowledged the discretion of a trial court to set aside an inequitable foreclosure sale, stating:
On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.
Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561 (1929) (citations omitted). This same principle has survived throughout the years and has been applied to parties who had no previous ownership rights in the subject property. See Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966) (recognizing a judicial sale which occurred at an unadvertised location could be set aside based on the grounds of inadequacy of sale and an irregularity in the conduct of sale); Ingorvaia v. Horton, 816 So.2d 1256 (Fla. 2d DCA 2002) (recognizing longstanding principle that a sale may be set aside when the foregoing grounds are established); Action Realty & Invs., Inc. v. Grandison, 930 So.2d 674 (Fla. 4th DCA 2006) (allowing winning bidder to challenge the trial court’s setting aside of the judicial sale based on its finding the property had been sold prior to the auction to a third party).
Furthermore, this court echoed that same commitment in Gulf State Bank v. Blue Skies, Inc. of Ga., 639 So.2d 161, 162 (Fla. 1st DCA 1994), stating:
Upon a showing that a judicial sale resulted from any mistake, accident, surprise, misconduct, fraud or irregularity in the conduct of the sale, the circuit court, in the exercise of its equity jurisdiction, has discretion to set aside the judicial sale in the exercise of its right and duty to supervise the process and “protect parties from all fraud, unfairness, and imposition” therein.
(Citations omitted).
In reversing, the majority relies on two opinions from our sister courts, Heilman v. Suburban Coastal Corp., 506 So.2d 1088 (Fla. 4th DCA 1987) and REO Properties Corp. v. Binder, 946 So.2d 572 (Fla. 2d DCA 2006). To the extent these cases can be read to limit standing and thereby prohibit a party materially injured by a substantial irregularity in the sales procedure from bringing an action to set aside the sale, I would decline to follow them. However, both are distinguishable from the facts currently before this court.
Specifically, in Heilman, appellant, the losing bidder, complained of the Clerk’s practice of allowing individuals who were not licensed attorneys to act as agents for bidders. 506 So.2d at 1089. Appellant alleged that the sale could only be conducted by the individual or the individual’s licensed attorney because judicial sales were a judicial proceeding. Id. The Fourth District rejected this reasoning, finding the judicial sale was ancillary to judicial proceedings and more akin to a ministerial act which allowed any authorized agent of a principal to bid. Id. In *795 the alternative, the court concluded Heil-man did not have standing to complain about another’s unauthorized practice of law. Id. at 1090. As one last alternative for affirmance, the court noted that, while a bidder has standing to complain because “he has a direct financial interest by virtue of his own bid,” that interest was limited only to “whether the amount of the bid exceeds his own and whether payment in accordance with the successful bid is forthcoming.” Id. at 1095. The opinion cited no authority for this “rule” which cannot be reconciled with the general proposition that a party demonstrates standing by alleging that he or she has suffered or will suffer substantial injury. Alachua County v. Scharps, 855 So.2d 195, 199 (Fla. 1st DCA2003).
Regardless of the opinion’s limited view of standing, the case is distinguishable from the case at bar because Heilman was unable to demonstrate he was unfairly harmed in the bidding process. As noted in Gulf State, the discretion given a trial court to set aside a judicial sale is given to “protect parties from all fraud, unfairness, and imposition.” 689 So.2d at 162 (citation omitted). Heilman could not demonstrate the bidding of an agent rather than a licensed attorney, or the individual bidder, constituted an unfairness to him in the bidding process and resulted in his inequitable loss of the property.
The majority also relies on REO, 946 So.2d 572. In REO, the unsuccessful bidder challenged the sale alleging the Clerk had taken a personal check from REO in violation of its own rules. Id. at 574. The facts of that opinion reveal that REO was initially the successful bidder, but the property was placed back up for bid after the Clerk’s office refused to take REO’s personal check. Id. Appellee was the successful bidder at the second auction; however, before he could pay for the property, the Clerk’s office informed him it had decided to accept REO’s check and the higher bid price. Id. The trial court set aside the sale following an evidentiary hearing, and the Second District reversed. Id. In reversing, the court concluded the Clerk did not have a policy against taking personal checks and the notice of sale did not inform potential bidders of this limitation. Id. at 575. Therefore, the Second District found no merit to appellee’s argument that there was a defect in the process. Id. Thus, there was no evidence that an irregularity in the bidding process precluded the appellee from submitting a higher bid, and the opinion is distinguishable from the instant case.
As noted above, Heilman does not cite any authority for its limited view of standing in the judicial sales context. Furthermore, Heilman and the majority’s narrow application of standing conflicts with both supreme court precedent allowing challenges to judicial sales in certain equitable circumstances and the general rules of standing.
Appellee alleged below that he lost the opportunity to continue bidding due to unfairness in the judicial sales process, and the trial court agreed. Clearly, the supreme court and this court have established a party has the right to seek redress following a judicial sale when he or she can make “a showing that [the] judicial sale resulted from ... mistake, accident, surprise, misconduct, fraud or irregularity in the conduct of the sale ” and the setting aside of the sale is necessary to “protect parties from all fraud, unfairness, and imposition.” Gulf State, 639 So.2d at 162 (citation omitted) (emphasis added). The majority, in reversing due to its reliance on such a severe view of standing, without citing binding authority of any kind, directly contravenes this commitment to fairness *796 in the judicial sale process. Accordingly, I dissent.