IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

June 24, 2016

WHITBURN, LLC,                        )
                                      )
            Appellant,                )
                                      )
v.                                    )        CASE NO. 2D15-1056
                                      )
WELLS FARGO BANK, N.A.;               )
BASHEER ALLY; ROOSHNEE ALLY;          )
and RIVERCREST COMMUNITY              )
ASSOCIATION, INC.,                    )
                                      )
            Appellees.                )
_____)

BY ORDER OF THE COURT:

Upon consideration of Appellant's motion for rehearing filed February 1,

2016,

IT IS ORDERED that Appellant's motion for rehearing is granted in part

and denied in part.  The opinion issued on January 15, 2016, is withdrawn, and the

attached opinion is substituted therefor.  No further motions for rehearing will be

considered.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL, CLERK

cc:  Stuart Jay Levine, Esq.
     Heather A. DeGrave, Esq.
     Sara F. Holladay-Tobias, Esq.
     Emily Rottman, Esq.
     Taylor L. Broadhead, Esq.
     Clerk of Court

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WHITBURN, LLC, )
)
        Appellant, )
)
v. ) Case No. 2D15-1056
)
WELLS FARGO BANK, N.A.; BASHEER )
ALLY; ROOSHNEE ALLY; and RIVERCREST )
COMMUNITY ASSOCIATION, INC., )
)
        Appellees. )
)
_____ )

Opinion filed June 24, 2016.

Appeal pursuant to Fla. R. App. P. 9.130 from
the Circuit Court for Hillsborough County; Raul
C. Palomino, Jr., Senior Judge.

Stuart Jay Levine and Heather A. DeGrave
of Walters, Levine, Klingensmith &
Thomison, P.A., Tampa, for Appellant.

Sara F. Holladay-Tobias, Emily Rottmann,
and Taylor L. Broadhead of McGuire
Woods LLP, Jacksonville, for Appellee
Wells Fargo Bank.

No appearance for remaining Appellees.



MORRIS, Judge.

        We convert this proceeding to an appeal of a final order and affirm the

order denying the objection to foreclosure sale filed by Whitburn, LLC, after the

foreclosure sale occurred. Whitburn was not a party in the underlying foreclosure action and did not have a legally cognizable interest in the proceeding. <u>Whitburn, LLC v. Wells Fargo Bank, N.A.</u>, 40 Fla. L. Weekly D2797 (Fla. 2d DCA Dec. 18, 2015). Furthermore, Whitburn was not a bidder in the foreclosure sale. <u>See</u> <u>U.S. Bank Nat'l Ass'n v. Rios</u>, 166 So. 3d 202, 210 (Fla. 2d DCA 2015) ("The purpose of allowing an objection to a foreclosure sale is to afford a mechanism to assure *all parties and bidders to the sale* that there is no irregularity at the auction or any collusive bidding, etc." (emphasis added) (quoting <u>In re Catalano</u>, 510 B.R. 654, 659 (Bankr. M.D. Fla. 2014))); <u>see also</u> <u>REO Props. Corp. v. Binder</u>, 946 So. 2d 572, 574 (Fla. 2d DCA 2006) (recognizing that even a bidder has limited standing to challenge a foreclosure sale). Accordingly, Whitburn, LLC, had no standing to file a postsale objection to the foreclosure sale.

Affirmed.

SILBERMAN and BLACK, JJ., Concur.