632 So.2d 251 (1994)
Joe TROIANO, etc., Appellant,
v.
Jose Manuel TIZON, et al., Appellees.
No. 93-604.
District Court of Appeal of Florida, Third District.
February 22, 1994.
McCormick & Koretzky and David Koretzky, Miami, for appellant.
Cooper & Wolfe and Sharon Wolfe, Charles R. Lipcon, Miami, for appellees.
Before NESBITT, JORGENSON and LEVY, JJ.
*252 JORGENSON, Judge.
Joe Troiano, an official court reporter in the Eleventh Judicial Circuit, appeals from an order denying his motion to vacate a post judgment order directing him to provide an original trial transcript and setting the rate for transcription. We affirm.
Troiano was the court reporter for a civil trial, Tizon v. Royal Caribbean Cruises, in the Eleventh Judicial Circuit. After judgment was entered for Royal Caribbean, Tizon filed a notice of appeal; his attorney filed designations to Troiano to prepare an original and one copy of the trial transcript and forwarded a deposit. By separate letter to Troiano, Tizon's counsel reserved the right to ask the trial court to set the rate and allow him to order only the original. On December 23, 1992, Tizon's attorney filed a motion to require the court reporter to provide only the original transcript and to determine the rate. Although the certificate of service indicates that Troiano was served with the motion, he alleges that he never received it, and likewise never received a notice of hearing on the motion.[1] The hearing was held on January 28; Troiano did not appear. The court granted Tizon's motion and by order dated January 28, 1993, directed the court reporter, Troiano, to prepare the original of the transcript only and set the rate of $2.80 per page, "in compliance with general order no. 14." General Order No. 14 provides the following schedule of fees for court reporters:

 TRANSCRIPTS  Jury and Non-Jury
 Trials:
 Original page only _______________________ $2.80
 Original page and one carbon copy ________ $2.80
 Each additional carbon copy per page _____ $.95
 TRANSCRIPTS  Appeal
 Original page only _______________________ $3.80
 Original page and one carbon copy ________ $3.80
 Original page and two carbon copies ______ $3.80
 Each additional carbon copy per page _____ $.95

The general order does not explain which proceedings fall under the "Jury and Non-Jury Trials" category and which fall under the "Appeal" category.
Troiano received a copy of the order setting fees on February 22, 1993, less than thirty days after it was entered. Instead of appealing that order he filed a motion to vacate pursuant to Florida Rule of Civil Procedure 1.540 on February 25. In his motion he alleged that he had received no notice of the hearing and that the order erroneously set the rate at $2.80 per page for a "Jury and Non-Jury Trial" instead of $3.80 per page for an "Appeal." The trial court denied that motion; Troiano appeals from the order denying relief under rule 1.540.
The trial court did not abuse its discretion in denying the motion to vacate. The court resolved the factual dispute over the issue of notice after receiving evidence and hearing argument of counsel, and we will not disturb its ruling, which is supported by the record.
Troiano also attacks the merits of the order setting fees. His appeal from the order denying his motion to vacate does not encompass the merits of the order that he sought to vacate.
"[A] denial ... of a motion to vacate a final judgment cannot bring up for review the merits of the final judgment sought to be vacated. The inquiry must be confined to determining whether in ruling on the motion the trial court abused its discretion on the facts and circumstances asserted in the motion's behalf. The motion does not affect the finality of the final judgment or suspend its operation."
Bland v. Mitchell, 245 So.2d 47 (Fla. 1970) (footnotes omitted). See also Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988) (review of order denying relief does not include merits of final decree sought to be vacated or any other order or judgment) (citations omitted). We are thus precluded *253 from addressing the merits of the January 28, 1993 order.[2]
AFFIRMED.
NOTES
[1] However, in a letter to Troiano, Tizon's counsel specifically indicated that he had "pending a Motion to allow me to purchase an original only," and that the amount due for transcription would "be brought up with the Trial Court when the Motion is heard."
[2] We trust that this opinion will bring to the attention of the Chief Judge of the Eleventh Judicial Circuit the confusion engendered by General Order No. 14. The order should be clarified. See Blalock v. Pena, 569 So.2d 778, 779 n. 1 (Fla. 1st DCA 1990) (no justification exists to charge higher rates for transcribing proceedings that result in appeal).