NESBITT, J.
On Motion To Require Court Reporters To Charge A Reasonable Rate For Transcription
The former wife in this appeal of final judgment of dissolution has filed a motion requesting that this court require court reporter Castillo & Castillo charge a “reasonable” rate of transcription.
Ordinarily, we would deny such a motion without prejudice to renew in the trial court. Until the record on appeal is transmitted to the clerk of this court by the clerk of the lower court, it is the lower court that supervises and aids the parties in perfecting the record on appeal. See Fla.R.App.P. 9.180(f)(6)(A). We recognize that this usually requires the taking of testimony, and the assessing of creditability and weight to be assigned, and this is generally the province of the trial court until the record on appeal is actually lodged in this court. In this case we perceive that merely a question of law was presented and that it was inevitable that the losing party would seek to review any order entered here. Simply stated, the bar should usually look to the trial court to assist the practitioner in perfecting the record on appeal — but this case involves a rather unique exception.
We invited the Dade County Bar Association to file a memorandum as amicus curiae. Through its appellate court committee, the bar has responded in the best and most noble tradition of the profession. We are pleased to recognize Paul Aiello, Esquire, and Lucinda A. Hofmann, Esquire, for their written and oral presentation.
In its memorandum, the Bar Association states that a court reporter may not require the appellant to pay for copies of the transcript which the appellant does not want. Castillo & Castillo charges $5.95 per page for appellate transcripts. That fee includes an original and 2 copies. For rion-appellate *707 transcripts, Castillo & Castillo charges $3.50 per page. Apparently that is the customary and usual rate in the circuit, although some reporters charge slightly less and some slightly more. Castillo & Castillo responds that its appellate rate is reasonable and consistent with the prevailing rates charged by other court reporters in the community. It also asserts that this court is without subject matter jurisdiction to interfere with its rates.
The Florida Court Reporter’s Association has submitted a memorandum as amicus curiae in support of Castillo & Castillo, contending that different types of transcripts warrant different rates, and, regardless, this is a contract dispute which cannot be resolved in this forum.
We conclude that Castillo & Castillo should make available to the former wife an original copy only of the transcript, by the filing of the same with the clerk of the lower court, and that it should do so at a cost not to exceed its charge for a non-appellate transcript.
Our decision in this case is compelled by Rule of Appellate Procedure 9.200(b)(2), and the Supreme Court’s clarification of that rule. Rule 9.200(b)(2) provides:
If a designating party directs the court reporter to furnish the transeript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcript(s) on the parties within 5 days of receipt from the reporter.
The Supreme Court has stated that this rule is in place “to provide that a party designating the transcript can make additional copies of the transcript by his own method rather than having the court reporter make extra copies, and to assure that parties timely receive copies of the transcript.” In re Florida Bar Rules of Appellate Procedure, 529 So.2d 687, 687 (Fla.), withdrawn and superseded in part on other grounds, 536 So.2d 240 (Fla. 1988). A court reporter is an officer of the court, and must comply with the rules governing the proceeding. See Fla.R.Jud.Admin. 2.070(h).
Rule 2.070 of the Rules of Judicial Administration provides regulations for court reporters. Rule 2.070(f) states:
The chief judge shall have the discretion to adopt an administrative order establishing maximum fees for court reporting services not covered in the plan adopted pursuant to subdivision (a) [regarding court reporting at public expense]. Any such order must make a specific factual finding that the setting of such maximum fees is necessary to ensure access to the courts.
Thus, while the Chief Judge of the Eleventh Judicial Circuit may adopt an administrative order establishing maximum fees in civil actions, it appears that such an order has not been entered. Because of this void, we have the power and authority to implement the existing rules adopted by the Florida Supreme Court. By so acting, we are not intruding upon the authority of the Chief Judge of the Circuit.
In Blalock v. Pena, 569 So.2d 778 (Fla. 1st DCA 1990), the First District addressed an administrative order by the Fourth Circuit, which set court reporter fees for appeals at $4.60 per page. Id. at 779. That fee included an original and two copies, with additional copies costing $.80 per page. Id. at 779. Non-appellate transcripts cost $3.00 per page for the original and $.80 per page for additional copies. Id. The First District stated that the circuit court order conflicted with the controlling appellate rule, 9.200(b)(2). Id. It found that the rule permits the designating party to order an original copy only, and make and distribute copies to the other party. Id. The court stated that
[djespite the phrasing employed in the order, it is clear that the actual result is that a designating party in appellate proceedings must purchase an original at $3.00 per page and a minimum of two copies at $.80 per page. We reject the ‘finding1 that parties in appeal and non-appeal proceedings are subject to different circumstances as self-serving and unsupported by any material facts.

Id.

This court cited Blalock in Troiano v. Tizon, 632 So.2d 251 (Fla. 3d DCA 1994), specifically noting the First District’s statement rejecting the distinction between appeal and non-appeal proceedings. Id. at 253, n. 2.
*708 The purpose of Rule 9.200(b)(2) would be defeated if court importers were permitted to require the designating party to pay for copies of the transcript. Although we recognize that' we do not have the authority to fix and determine the reasonableness of a fee, we can as a matter of law require the court reporter to follow the rules adopted by the Supreme Court of Florida.
Motion granted in accordance with our decision.