982 So.2d 10 (2008)
Cesar BALBIN, Appellant,
v.
LEXINGTON INSURANCE CO., Appellee.
No. 3D06-287.
District Court of Appeal of Florida, Third District.
March 12, 2008.
Rehearing and Rehearing Denied June 12, 2008.
Cesar Balbin, in proper person.
Powers, McNalis, Torres & Teebagy, West Palm Beach; and Nancy I. Stein-McCarthy, for appellee.
Before COPE and GREEN, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied June 12, 2008.
PER CURIAM.
Cesar Balbin appeals an order denying his third and fourth amended motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). We affirm.
First, a predecessor judge heard Balbin's original rule 1.540 motion and denied *11 it with leave to amend. The transcript reflects that the predecessor judge directed Balbin to file the amended motion, and have it heard, within 314 days (which was the date on which the predecessor judge would retire from the bench). Balbin failed to comply with this directive and did not file his amended motion until after the predecessor judge had retired. The amended motion was therefore untimely filed.
Second, the matters raised in the rule 1.540 motion inhered in the summary judgment proceedings in the earlier litigation between the insured, Balbin, and the insurer, Lexington Insurance Co. The trial court accurately stated that the third and fourth amended motions for relief from judgment "are merely an attempt to have a rehearing of the evidence presented in both LEXINGTON'S Motion for Summary [Judgment] and that which was argued at the Hearing on the Motion for Summary Judgment[.]"
A trial court has broad discretion in determining whether to grant relief from judgment. Kroner v. Singer Asset Fin. Co., 814 So.2d 454, 456 (Fla. 4th DCA 2001). We concur with the trial court that the issues raised in the third and fourth amended motions for relief from judgment should have been pursued by direct appeal. A motion for relief from judgment may not be used as a substitute for appeal. In Troiano v. Tizon, 632 So.2d 251 (Fla. 3d DCA 1994), this Court stated:
[A] denial . . . of a motion to vacate a final judgment cannot bring up for review the merits of the final judgment sought to be vacated. The inquiry must be confined to determining whether in ruling on the motion the trial court abused its discretion on the facts and circumstances asserted in the motion's behalf.
Id. at 252 (internal quotation marks omitted).
For these reasons, we find that the trial court did not abuse its discretion in denying the amended motions for relief from judgment.
Affirmed.[*]
NOTES
[*] We need not reach Lexington's argument that the original rule 1.540 motion was untimely as well.