ROTHENBERG, J.
Knowlan Dawson (“Dawson”) appeals the trial court’s denial of his emergency objection to foreclosure sale, motion to vacate the October 21, 2009 foreclosure sale, and motion to strike final judgment of foreclosure. Because we find no abuse of discretion, we affirm.[1]
Dawson, who defaulted on a mortgage secured by commercial property, sought relief from an order affecting the sale of the property. In June, 2005, Dawson and his business, Sonder Enterprises, Inc. (“Sonder”), entered into a mortgage for $340,000, which was secured by commercial property located in Miami-Dade County. The mortgage, which was recorded in the public records of Miami-Dade County, required regular monthly payments. SF Partners Mortgage, LLC, assigned the mortgage and its companion promissory note to Wachovia Bank, N.A. (“Wacho-via”), but continued to service the mortgage on behalf of Wachovia. The assignment was recorded in the public records of Miami-Dade County, Florida. Beginning in January, 2008, Dawson and Sonder stopped making the necessary payments, and failed to pay property taxes, as required under the note and mortgage.
On April 10, 2008, Wachovia filed a foreclosure suit. Dawson delayed Wachovia’s path to judgment and payment by: (1) filing for bankruptcy; (2) entering into a forbearance agreement with Wachovia; (3) breaching the forbearance agreement after a few payments; (4) delaying enforcement of the forbearance agreement by transferring the property to someone else, who then declared bankruptcy; and (5) filing a motion to strike the final judgment. Dawson’s final effort to delay the foreclosure sale was the instant motion to strike the final judgment of foreclosure. A more *1220 complete recitation of these proceedings follows.
The record reflects that Sonder delayed Wachovia’s foreclosure suit by filing a suggestion of bankruptcy on June 9, 2008. Sonder and Dawson agreed to summary judgment against them in exchange for a delay of the property’s sale, and pursuant to that agreement, summary judgment of foreclosure was entered on September 16, 2008. As part of the consideration of the forbearance agreement, Sonder waived all defenses. On December 8, 2008, Wachovia filed a motion to set a sale date, and the sale was set for March 5, 2009. The agreement provided that Sonder’s default on the conditions of the forbearance agreement would permit Wachovia to seek an earlier sale date.
On the eve of the expiration of the time period they had negotiated, Sonder and Dawson took steps to further delay the sale of the property. On February 26, 2009, Dawson, through Sonder, filed a motion seeking a later date to allow time for Sonder to sell the property. The next day, the trial court entered an order changing the sale date from March 5, 2009 to June 24, 2009. However, on June 11, 2009, Son-der filed a motion seeking to vacate the summary judgment, alleging that Wacho-via had no standing to foreclose. On June 16, 2009, after Wachovia filed additional evidence of its standing, the trial court denied Sonder’s motion. Prior to the June 24, 2009, sale date, Sonder transferred the property to Debbie Dawson, and on the sale date, Debbie Dawson filed for bankruptcy. However, on August 3, 2009, the bankruptcy was dismissed as filed in bad faith, Wachovia asked the trial court to reschedule the foreclosure sale, and the trial court set the new sale date for September 18, 2009. Undaunted, on the eve of the new sale date, Sonder filed an emergency motion to cancel the sale, and the trial court postponed the sale to October 21, 2009. On October 21, 2009, the property was sold to a bidder who is not a party to this appeal.[2]
Even after the sale, Dawson sought to retain the property. On November 4, 2009, Dawson filed an emergency objection to the foreclosure sale, a motion to vacate foreclosure sale, and Assignment of Judgment and Right to Bid for Fraud on the Court, a motion to strike final judgment, and a memorandum of law. The trial court denied Dawson’s motions. Dawson then filed additional objections to the sale, raising similar arguments, which were denied on November 24, 2009. Dawson, but not Sonder, appeals the November 24, 2009 order entered by the trial court.
In this appeal, Dawson contends the trial court improperly granted summary judgment in favor of Wachovia. We decline to address the merits of this claim as the order granting final summary judgment on September 16, 2008 was not appealed, and Dawson waived all defenses to summary judgment when he entered into the forbearance agreement. Additionally, the summary judgment was based on a settlement agreement, and “a stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and the court.” Antar v. Seamiles, LLC, 994 So.2d 439, 442 (Fla. 3d DCA 2008). The record reflects that Dawson and Sonder made payments pursuant to the agreement’s terms.
Consequently, at issue in this appeal is whether the trial court properly denied the motion to vacate the judgment and vacate the sale of the property. The standard of review is abuse of discretion. Balbin v. *1221 Lexington Ins. Co., 982 So.2d 10, 11 (Fla. 3d DCA 2008); Phenion Dev. Group, Inc. v. Love, 940 So.2d 1179, 1181 (Fla. 5th DCA 2006). The trial court clearly did not abuse its discretion in this case.
Under Florida Rule of Civil Procedure 1.540(b), relief from judgment is only available under limited circumstances. A motion for relief from judgment is not a substitute for an appeal. Balbin, 982 So.2d at 11. There are five grounds upon which a motion for relief from judgment may be granted. See Fla. R. Civ. P. 1.540(b). The first three grounds must be asserted within one year of the judgment or order challenged. Id.
The first ground, excusable neglect, surprise, or inadvertence, is not evident on this record. Sonder and Dawson actively participated in the foreclosure process, had the benefit of counsel when negotiating the forbearance agreement, and they were not surprised by any previously unknown facts in support of setting the sale date. Dawson and Sonder simply failed to comply with their obligations under the agreement. See Aegis Props. of S. Fla. v. Avalon Master Homeowner Ass’n, Inc., 37 So.3d 960, 962 (Fla. 4th DCA 2010).
The second ground, newly discovered evidence that could not have been discovered in time to raise a motion for rehearing even with due diligence, is also unavailing, as Dawson has not provided any basis in any of his pleadings to support this ground.
The third ground, fraud, misrepresentation, or misconduct, is similarly absent. Dawson does not contend he or Sonder was duped into defaulting on their obligations under the mortgage, but rather, contends that the party who owned the note was changed without his knowledge. There is no reason this fact, on its own, would be material to whether he was duped into defaulting. Dawson does not provide any evidence how the ownership change affected his ability to make timely payments where the servicer to whom he made payments did not change. Dawson does not allege he made any payments that were not credited. Thus, the judgment is neither void nor voidable based on fraud because the issue raised by the alleged fraud is immaterial. See Greenwich Ass’n, Inc. v. Greenwich Apts., Inc., 979 So.2d 1116, 1118-19 (Fla. 3d DCA 2008); see also Freemon v. Deutsche Bank Trust Co. Ams., 46 So.3d 1202, 1205 (Fla. 4th DCA 2010) (holding fraud alleged must affect the case’s outcome). Moreover, Dawson and Sonder signed an agreement waiving all defenses to Wachovia’s foreclosure complaint.
The fourth ground, that the judgment was void, is unsupported by the record. Dawson does not contest that he defaulted on the mortgage. He merely challenges how money that he paid was collected and transferred, for which he demanded an accounting. The foreclosure judgment, however, includes credit for payments made under the forbearance agreement.
Lastly, the judgment was not satisfied, which is fatal to the fifth basis upon which Dawson could have obtained relief.
Dawson (and Sonder) defaulted on their note with Wachovia in 2008; they delayed the sale date for nearly two years; the sale was proper; and Dawson’s objections to the sale and to vacate the final judgment were properly denied. Accordingly, we affirm the order under review.
Affirmed.

. LeaseFlorida Development, LLC ("Lease-Florida”) currently owns the property. Lea-seFlorida intervened in this appeal, and filed a brief adopting Wachovia’s arguments and adding its own arguments regarding its status as a bona fide purchaser for value without notice of Dawson’s continuing suit over the property. Because we affirm on the basis of Wachovia’s argument, we need not and do not address LeaseFlorida's additional arguments.

. The purchaser subsequently transferred the property to LeaseFlorida.