HALL, Judge.
Anna Ruth Lafitte appeals the final judgment of foreclosure and reformation of her purchase money mortgage entered pursuant to her motion for summary judgment. She contends that the trial court erred in finding there was no genuine issue of material fact but that the construction lien of Gigliotti Pipeline, Inc. is superior to her mortgage. We agree with her contention.
On May 25, 1989, Executive Brands, Inc. executed and delivered a promissory note and mortgage deed to Lafitte’s father for the purchase of property in Manatee County, and Lafitte’s father executed a warranty deed for that property in favor of Executive Brands. The mortgage and warranty deeds were recorded on May 26, 1989. The mortgage was subsequently assigned to Lafitte, and the assignment was recorded on July 3, 1990. The mortgage deed contained the following description of the subject property: “N ½ of SW ⅛ of NE ⅜ of Section 25, Township 34 South, Range 17 East, less the SW ⅜ thereof.” In the following paragraph, which contained a release provision, the description of the subject property stated it to be in Section 15 rather than in Section 25. The warranty deed described the subject property as being in Section 15.
On November 5, 1990, Executive Brands entered into a contract with Gigliotti Pipeline, Inc. whereby Gigliotti was to provide services and materials for the construction of a subdivision on the subject property. Executive Brands breached that contract, and on January 11, 1991, Gigliotti filed a claim of hen covering the subject property, plus a contiguous five acres, for the total value of the work it had performed.
On February 21, 1991, Gigliotti filed an action against Executive Brands to foreclose its claim of lien. That action was eventually consolidated with the foreclosure action filed *845 by Lafitte on August 16, 1991, against Executive Brands for default on the purchase money mortgage.
The final judgment which is the subject of this appeal arose from the motions for summary judgment filed by Lafitte and Gigliotti in the consolidated case. In her motion for summary judgment, Lafitte sought reformation of the mortgage to reflect that the subject property was in Section 15. She also sought foreclosure of the mortgage. In its motion for summary judgment, Gigliotti sought foreclosure of its mechanic’s lien as a first lien on the subject property based on its argument that the Lafitte mortgage did not provide actual, constructive, or record notice of its encumbrance of the property because it erroneously described the property.
After hearing the parties’ motions, the trial court entered a final judgment reforming the Lafitte mortgage to describe the subject property as being in Section 15. The court declared the reformed mortgage to be a first lien on the property as of May 28, 1989, except for the Gigliotti mechanic’s lien. In declaring the Gigliotti lien to be superior to the Lafitte mortgage, the court found that constructive notice of the contents of the Lafitte mortgage was irrelevant because Gi-gliotti did not inspect or rely on the public records before filing its lien. We hold this finding to be in error.
Florida’s recording statute provides as follows:
(1) No conveyance, transfer or mortgage of real property, or of any interest therein, nor any lease for a term of one year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; ....
§ 695.01, Fla.Stat. (1991). The act of recording an instrument in accordance with this statute constitutes constructive notice of a prior encumbrance on the property which is the subject of the instrument. Bank of South Palm Beaches v. Stockton, 473 So.2d 1358 (Fla. 4th DCA1985). Constructive notice “is information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.” Black’s Law Dictionary 958 (5th ed. 1979). Thus, it is the fact that Gigliotti did not inspect or rely on the public records that is irrelevant. What is relevant, and dispositive of this case, is whether the recorded Lafitte mortgage with its improper legal description constituted constructive notice that the subject property had a prior encumbrance.
This issue was discussed briefly at the hearing on the parties’ motions for summary judgment. The judge stated he was assuming it could be proven that the Lafitte mortgage would not have been revealed by a title search because of the incorrect section number in its legal description. He then stated he could deny the motions for summary judgment and have the parties present evidence regarding this issue. Neither party responded to this statement, although Lafitte’s attorney had stated that he disagreed with the judge’s assumption, and Gigliotti’s attorney had earlier stated that the mortgage was not found during a title search.
The judge should have denied the parties’ motions for summary judgment because there clearly exists a genuine issue of material fact whether the Lafitte mortgage would have been revealed during a title search. If it would have been, then it has priority over the Gigliotti mechanic’s lien. If it would not have been revealed, then the Gigliotti hen has priority. As our colleagues at the Fourth District have said, albeit with regard to a different instrument, “it would create great uncertainty in the conveyance of real property if a careful title examiner could not rely upon the clerk’s index to determine whether there are any recorded judgments that constitute a prior lien on property.” Bakalarz v. Luskin, 560 So.2d 283, 287 (Fla. 4th DCA1990).
The grant of summary judgment on the issue of priority between the Lafitte mortgage and the Gigliotti mechanic’s lien being in error, we reverse and remand with directions consistent herewith.
*846 THREADGILL, J., concurs.
CAMPBELL, A.C.J., dissents with opinion.