LOGUE, J.
U.S. Bank National Association challenges an order that (1) vacated a final judgment of foreclosure entered in favor of the Bank; and (2) elevated above the Bank’s mortgage the interest of a party that obtained title to the subject property through the foreclosure of a junior lien. We reverse and remand for further proceedings.
*1187 FACTS AND PROCEDURAL BACKGROUND
In November 2007, Mary Bevans borrowed money from a financial institution to purchase a condominium. Bevans executed a note and mortgage. The mortgage was recorded in January 2008 and was subsequently assigned to the Bank. At some point, Bevans stopped making her mortgage payments and stopped paying her condominium fees. In 2009, the Condominium Association recorded a lien against the property for unpaid assessments. At that point in time, there were two relevant liens on the property: the Bank’s senior mortgage lien and the Association’s junior lien.
In January 2010, the Association filed a foreclosure action. That case is not before us, but developments in that case bear directly on the issues in this case. In the Association’s foreclosure action, it did not name the Bank as a defendant. The court in that case entered a final judgment of foreclosure in favor of the Association in July 2010. Final Judgment, Palm Residences of S. Beach Condo. Ass’n v. Bevans, 10-1895-CC-28 (Fla. 11th Cir. July 19, 2010).
In February 2011, the Bank filed the present case to foreclose on its mortgage. The Bank’s action was filed before the judicial sale on the Association’s foreclosure took place. The Bank named the Association as a defendant but failed to record a notice of lis pendens, although there is an unresolved dispute in the record whether this failure was caused by the Bank or the Clerk of the Court.
In March 2011, after the Bank had filed its foreclosure action, the judicial sale based on the Association’s foreclosure took place. At the sale, IES Holdings, LLC purchased the subject property. IES then sold the property to Appellee Striding Figure Holdings, LLC by quit-claim deed in July 2011.
The trial court subsequently entered a judgment of foreclosure in favor of the Bank in this case. Striding, which held legal title to the subject property by that time, filed a notice of limited appearance in the Bank’s foreclosure suit. Striding moved to vacate the final judgment. In Striding’s motion, it argued that it took title to the subject property free of the Bank’s claims. This was so, Striding reasoned, because a notice of lis pendens was not properly recorded in the Bank’s foreclosure action and because the Bank did not name Striding as a party in that suit. The trial court agreed and entered an order vacating the final judgment. Besides vacating the Bank’s final judgment of foreclosure, the order states: “Striding Figure Holdings, LLC shall keep the property exempt from the claims of U.S. Bank, N.A. (‘Plaintiff).”
ANALYSIS
We first consider whether Striding obtained an interest exempt from the Bank’s mortgage. Striding purchased its interest in the property at a judicial sale that resulted from the Association’s foreclosure. The Association did not and, in fact, normally could not name a superior lienholder like the Bank as a defendant in the Association’s suit to foreclose on its junior lien. See Gonzalez v. Chase Home Fin. LLC, 37 So.3d 955, 957 (Fla. 3d DCA 2010) (“[PJarties claiming title superior to the lien of a mortgage being foreclosed are not proper parties to the foreclosure suit.”) (internal quotations and citations omitted). Thus, the final judgment of foreclosure entered in favor of the Association in the Association’s foreclosure action did not eliminate the Bank’s senior mortgage interest because “[fjoreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed.” Garcia v. Stewart, 906 So.2d 1117, 1120 (Fla. 4th DCA 2005) (citations *1188 omitted). Accordingly, the Bank’s senior interest in the property survived the Association’s foreclosure.
Striding, however, argues that it took title free and clear of the Bank’s senior mortgage because it acquired title while the Bank’s mortgage foreclosure action was pending and the Bank failed to cause the Clerk to record a lis pendens. In support, Striding cites section 48.23(b), Florida Statutes (2012), which reads, in pertinent part:
1. An action that is filed for specific performance or that is not based on a duly recorded instrument has no effect, except as between the parties to the proceeding, on the title to, or any lien upon, the real or personal property unless a notice of lis pendens has been recorded and has not expired or been withdrawn or discharged.
2. Any person acquiring for value an interest in the real or personal property during the pendency of an action described in subparagraph 1 ... shall take such interest exempt from all claims against the property that were filed in such action by the party who failed to record a notice of lis pendens or whose notice expired or was withdrawn or discharged, and from any judgment entered in the proceeding ... as if such person had no actual or constructive notice of the proceeding or of the claims made therein or the documents forming the causes of action against the property in the proceeding.
(emphasis added).
Striding argues that under this statutory language, its actual or constructive notice of the Bank’s mortgage is irrelevant because the Bank did not file a lis pen-dens. Striding’s argument in this regard fails because the statute specifically provides that this provision is inapplicable to actions based on a duly recorded instrument. The Bank’s foreclosure action was based upon a duly recorded instrument, namely the Bank’s recorded mortgage. The language relied upon by Striding, therefore, does not apply to the Bank’s mortgage or foreclosure action.
This statutory scheme makes sense. A person that acquires property for value can protect itself by checking the public records for duly recorded instruments that reflect superior liens. In the instant case, Striding had at least constructive knowledge of the Bank’s mortgage when it purchased the property because the mortgage was recorded in the public records. When Striding purchased the property, therefore, it assumed the position that its predecessors-in-interest held: it obtained legal title to the property subject to the Bank’s senior mortgage. See Garcia, 906 So.2d at 1120. Accordingly, we reverse that portion of the order that provides “Striding Figure Holdings, LLC shall keep the property exempt from the claims of U.S. Bank.”
We next consider the slightly-different issue of whether the Bank’s foreclosure action eliminated Striding’s inferior interest in light of the fact that the Bank did not file a lis pendens and Striding was not a party to the Bank’s foreclosure. Striding was the legal title holder of the subject property at the time the court entered a final judgment of foreclosure in favor of the Bank. As legal title holder, Striding would normally be an indispensable party to the Bank’s foreclosure action and the lower court could not normally adjudicate the suit in Striding’s absence. Davanzo v. Resolute Ins. Co., 346 So.2d 1227, 1228 (Fla. 3d DCA 1977); English v. Bankers Trust Co. of Cal., N.A., 895 So.2d 1120, 1121 (Fla. 4th DCA 2005).
One exception to this rule is when a lis pendens had been properly filed in the public records giving notice of the *1189 Bank’s foreclosure action. A lis pendens “serves as constructive notice of the claims asserted against the property in the pending litigation” with respect “to one acquiring an interest in the property after’ the lis pendens is filed.” Westburne Supply, Inc. v. Cmty. Villas Partners, Ltd., 508 So.2d 431, 434 (Fla. 1st DCA 1987). “One who purchases property subject to a lis pen-dens ⅛ bound by the judgment or decree rendered against the party from whom he makes the purchases as much so as though he had been a party to the judgment or decree himself.’ ” U.S. Bank Nat. Ass’n v. Quadomain Condo. Ass’n, 103 So.3d 977, 979 (Fla. 4th DCA 2012) (quoting Greenwald v. Graham, 100 Fla. 818, 130 So. 608, 611 (1930)). That said, there was no properly recorded lis pendens giving notice of the Bank’s foreclosure action in this case.
Another exception to this rule concerns a party who acquires an interest in property with actual or constructive knowledge of another party’s lawsuit concerning the property. This common law exception was modified in part by section 48.23(b), but, as explained above, the modification does not apply to actions based on duly recorded instruments. For actions based on a duly record instrument, like the Bank’s mortgage in this case, the common law rule still applies: the filing of a notice of lis pendens is not required in order to enforce a lien against a subsequent purchaser who has actual or constructive knowledge of the pending litigation. See Westbume, 508 So.2d at 435.
Based on the record before us, we do not know whether Striding had actual or constructive knowledge of the Bank’s foreclosure action when it purchased the property. Until that issue is resolved, the Bank’s foreclosure cannot be set aside. For this reason, we also reverse that portion of the order vacating the Bank’s final judgment. If Striding had actual or constructive knowledge of the Bank’s foreclosure before it purchased the property, the Bank’s foreclosure terminated Striding’s junior interest; if Striding did not have such knowledge, the Bank will have to include Striding in a foreclosure action to eliminate Striding’s interest.
Reversed and remanded for further proceedings.