DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VERA DE SOUSA,** as Trustee for **VAG LAND TRUST 1,**
Appellant,

v.

**JP MORGAN CHASE, N.A.,**
Appellee.

No. 4D13-4638

[July 29, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge, Judge; L.T. Case No. 502013CA002062.

Venol C. Adams, West Palm Beach, for appellant.

Elliot B. Kula of Kula & Associates, P.A., North Miami, for appellee.

FORST, J.

Appellant Vera De Sousa, as Trustee for Vag Land Trust 1, appeals the trial court's order denying Appellant's motion to intervene in foreclosure proceedings *following* the entry of final judgment of foreclosure for the Appellee JP Morgan Chase, N.A. ("Chase"). For the reasons stated below, we disagree and affirm the denial of the motion to intervene.

**Background**

In September of 2011, Los Mangos Property Owners' Association ("Los Mangos"), in an effort to be reimbursed for unpaid assessments, initiated a foreclosure action with respect to property located in Palm Beach County owned by Paul and Frances Morobitto. While that action was pending, Chase filed a complaint seeking to foreclose on a superior mortgage granted on the same Morobitto property. The defendants named in the complaint included the Morobittos (both now deceased); the unknown heirs of the Morobittos; Los Mangos, as the holder of an inferior lien; and any unknown parties in possession of the property. Chase filed a lis pendens on the property contemporaneously with its complaint in January of 2013 and the lis pendens was recorded on February 6, 2013.

Los Mangos' claim was resolved in its favor in February of 2013, one month after Chase's foreclosure proceedings began and twenty-one days after Chase's lis pendens was recorded. In April of 2013, with Chase's lis pendens still on the property and its foreclosure complaint filed, Appellant purchased Los Mangos' property interest, subject to Chase's superior interest, at the Los Mangos foreclosure sale.

Subsequently, the trial court entered final judgment of foreclosure in favor of Chase and found that Chase's lien was superior to all rights, claims, liens, encumbrances, and equities of all defendants. Twenty-nine days after the final judgment was entered on behalf of Chase, Appellant filed a motion to intervene. After considering Appellant's motion, the trial court denied the motion to intervene and Appellant now appeals the denial.

## Standard of Review

We review an order denying a motion to intervene for abuse of discretion. "[I]ntervention pursuant to rule 1.230 is a matter of discretion." *Union Cent. Life Ins. Co. v. Carlisle*, 593 So. 2d 505, 507 (Fla. 1992).

## Analysis

Appellant's motion to intervene is based on an interest in property acquired through the foreclosure sale resulting from Los Mangos' action to foreclose on assessment liens. As noted above, at the time Appellant purchased its inferior interest in the property, there was an outstanding lis pendens on record and the property was subject to Chase's foreclosure action.

Florida Rule of Civil Procedure 1.230 states "anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." The ability to intervene is a permissive right granted in the trial court's discretion. *See Hausmann ex rel. Doe v. L.M.*, 806 So. 2d 511, 513 (Fla. 4th DCA 2001). It has been established that inferior interests, such as Appellant's in the instant case, do not support intervention. *See Greenwald v. Graham*, 130 So. 608, 611 (Fla. 1930) ("[A] purchaser pendente lite is bound by the judgment or decree rendered against the party from whom he makes the purchases as much so as though he had been a party to the judgment or decree himself."); *Andresix Corp. v. Peoples Downtown Nat'l Bank*, 419 So. 2d

1107, 1107 (Fla. 3d DCA 1982) ("We affirm the trial court's order denying the motion to intervene filed by Andresix Corporation upon a holding that Andresix, as a purchaser of property which was then the subject of a mortgage foreclosure action and accompanying lis pendens by Peoples Downtown National Bank, was not entitled to intervene in such action.").

Appellant purchased its interest in the property at the foreclosure sale on April 4, 2013. Chase's lis pendens on the property was recorded on February 6, 2013 and gave notice that Chase's foreclosure action was pending. Accordingly, Appellant was a purchaser pending the outcome of Chase's foreclosure action and is precluded from intervening in the action. *Andresix*, 419 So. 2d at 1107. On these grounds, Appellant has failed to demonstrate an abuse of discretion on the part of the trial court in denying the motion to intervene.

Further supporting the trial court's denial of Appellant's motion to intervene is the fact that the motion was filed after the final judgment of foreclosure was entered. "[T]he general rule — universally — is that intervention may not be allowed after final judgment, save in the interests of justice . . . ." *Sedra Family Ltd. P'ship v. 4750, LLC*, 124 So. 3d 935, 936 (Fla. 4th DCA 2012) (internal quotations and citations omitted).

The narrow exception to the rule prohibiting post-judgment intervention arises when the interests of justice so require. *Wags Transp. Sys., Inc. v. City of Miami Beach*, 88 So. 2d 751, 752 (Fla. 1956). In *Wags*, the petitioners sought to intervene post-judgment in a case where the city was attempting to build commercial hotels within the same zoning district as the petitioner's residential property. *Id.* The Florida Supreme Court permitted the homeowners to intervene post-judgment in order to show how the addition of the commercial buildings would affect the value of their residential property. *Id.*

Courts have been reluctant to extend this exception to cases outside the facts of *Wags* and the limitation on applying the exception has been recognized by this Court as well as the Florida Supreme Court. *See Dickinson v. Segal*, 219 So. 2d 435, 438 (Fla. 1969) ("[W]e, by virtue of the authority of that case, recognize this exception but decline to extend it beyond the facts involved there."); *Md. Cas. Co. v. Hanson Dredging, Inc.*, 393 So. 2d 595, 596 (Fla. 4th DCA 1981) ("We are strongly inclined to the view that adherence to the rule rather than the exception will produce the best result in the great majority of cases.").

The instant case does not align with the circumstances in *Wags* to meet the narrow exception to the general rule prohibiting post-judgment

intervention.  *Wags* involved the subject matter of zoning, not foreclosure. *Wags*, 88 So. 2d at 751.  Appellant in the instant case purchased the property during the pendency of Chase's foreclosure action with notice of the lis pendens and foreclosure action,[1] unlike the situation in *Wags* where the intervenors purchased their house on the strength of the zoning ordinance and in reliance on the fact that property within that zoning district would remain residential.  *Id.* at 752.

Lastly, the intervenors in *Wags* were granted the opportunity to intervene because of a lack of alternative procedures to protect their residential property interest.  *Id.*  Appellant in the instant case had the ability to exercise its statutory right of redemption.  *See* § 45.0315, Fla. Stat. (2013); *Sedra*, 124 So. 3d at 935-36.  The statutory right of redemption allows the mortgagor or the holder of a subordinate interest to cure the indebtedness and prevent a foreclosure sale up until the time of the filing of a certificate of sale by the clerk of the court.  *Id.*

## Conclusion

Appellant's attempt to intervene was made after final judgment and does not meet the narrow exception allowing for post-judgment intervention.  We conclude that the trial court properly denied Appellant's motion to intervene.

*Affirmed.*

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Appellant's claim that its due process rights were violated due to Chase's failure to notify Appellant of the foreclosure proceedings is without merit.  Chase's senior interest was not foreclosed in the prior, junior proceeding and Appellant was on notice of the foreclosure proceedings due to the recorded lis pendens.  *See U.S. Bank Nat'l Ass'n v. Bevans*, 138 So. 3d 1185, 1188-89 (Fla. 3d DCA 2014) ("A person that acquires property for value can protect itself by checking the public records for duly recorded instruments that reflect superior liens" and "[a] lis pendens serves as constructive notice of the claims asserted against the property in the pending litigation with respect to one acquiring an interest in the property after the lis pendens is filed." (internal quotations and citation omitted)).