NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WHITBURN, LLC,                              )
                                           )
        Appellant,                         )
                                           )
v.                                         )      Case No. 2D14-5563
                                           )
WELLS FARGO BANK, N.A.; BASHEER            )
ALLY; ROOSHNEE ALLY; and                   )
RIVERCREST COMMUNITY                       )
ASSOCIATION, INC.,                         )
                                           )
        Appellees.                         )
_____)

Opinion filed December 18, 2015.

Appeal from the Circuit Court for
Hillsborough County; Donald C. Evans,
Senior Judge.

Stuart Jay Levine and Heather A. DeGrave
of Walters, Levine, Klingensmith &
Thomison, P.A., Tampa, for Appellant.

Sara F. Holladay-Tobias, Emily Rottmann,
and Taylor L. Broadhead of McGuire
Woods LLP, Jacksonville, for Appellee
Wells Fargo Bank, N.A.

No appearance for remaining Appellees.


MORRIS, Judge.

Whitburn, LLC, appeals an order denying its motion to cancel foreclosure sale in the mortgage foreclosure action filed by Wells Fargo, N.A., against property owners Basheer Ally and Rooshnee Ally. We affirm because Whitburn, LLC, does not have standing to challenge the foreclosure sale.

On December 7, 2012, Wells Fargo filed a one-count complaint for first mortgage foreclosure against the Allys and Rivercrest Community Association, Inc., in Hillsborough County case number 12-CA-019138. Wells Fargo's complaint stated that the mortgage was recorded on April 25, 2006, in Official Records Book 16390, Page 1983, of the Public Records of Hillsborough County. Wells Fargo filed a notice of lis pendens the same day it filed the complaint, and the notice of lis pendens was recorded on December 17, 2012. Rivercrest answered the complaint on January 4, 2013, admitting that it "may claim an interest in the subject property." Rivercrest also asserted as affirmative defenses that it has priority over all creditors except the first mortgage and that any owner, including a purchaser, is liable for all assessments that come due under section 720.3085(2), Florida Statutes (2011).

Wells Fargo filed a motion for summary judgment, and the trial court granted summary judgment and entered a final judgment of foreclosure on March 17, 2014. The final judgment set the sale date for July 7, 2014, but Wells Fargo mistakenly cancelled the sale, intending to cancel the sale in another case. The sale was later rescheduled for September 26, 2014.

On September 24, 2014, Whitburn filed an emergency motion to cancel the sale. Whitburn claimed that it is the record title owner of the property as reflected in a certificate of title filed July 2, 2013, and recorded on July 9, 2013. The certificate of

title was entered in Hillsborough County circuit court case number 12-CC-27517, which appears to have been an action for lien foreclosure filed by Rivercrest Community Association against the Allys. In its motion to cancel sale in Wells Fargo's case, Whitburn claimed that Wells Fargo failed to provide an estoppel letter in accordance with section 701.04, Florida Statutes (2014), thus abrogating Whitburn's right to redeem the property prior to sale.

The trial court granted Whitburn's motion to cancel the foreclosure sale and rescheduled the sale for November 18, 2014. On November 14, 2014, Whitburn filed another emergency motion to cancel sale, again asserting its status as record title owner of the property and alleging that Wells Fargo failed to comply with section 701.04. Whitburn also alleged that the notice of sale failed to comply with section 702.035, Florida Statutes (2014). On November 17, 2014, the trial court entered an order denying Whitburn's motion to cancel sale on the basis that Whitburn does not have standing.

On appeal, Whitburn argues that the trial court erred in finding that it has no standing because Whitburn is a record title owner of the property and has a clear interest in the property. We first point out that Whitburn was not a party to the foreclosure proceeding filed by Wells Fargo. See Whiteside v. Sch. Bd. of Escambia Cty., 798 So. 2d 859, 859-60 (Fla. 1st DCA 2001) ("Under the general rule, one not a party to a case has no standing to request relief from the court."); see also Warshaw-Seattle, Inc. v. Clark, 85 So. 2d 623, 625 (Fla. 1955) ("Persons who are not parties of record to a suit have no standing therein which will enable them to take part in or control the proceedings. If they have occasion to ask relief in relation to the matters involved,

they must either contrive to obtain the status of parties in such suit or they must institute an independent suit." (quoting 39 Am. Jur., Parties, § 55 (1936))). However, by moving to cancel the sale and asserting its rights to the property, Whitburn essentially sought to intervene in the foreclosure sale proceedings.[1]

It is well settled that "when property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is not entitled to intervene in the pending foreclosure action." Bymel v. Bank of Am., N.A., 159 So. 3d 345, 347 (Fla. 3d DCA 2015); see also Mkt. Tampa Invs., LLC v. Stobaugh, 177 So. 3d 31 (Fla. 2d DCA 2015) (affirming trial court's ruling that third-party purchaser, who had obtained the property after the bank's foreclosure complaint and lis pendens had been filed, could not intervene in foreclosure proceeding); U.S. Nat'l Ass'n v. Bevans, 138 So. 3d 1185, 1888-89 (Fla. 3d DCA 2014) (noting two exceptions to the general rule that a legal title holder of the property would be a proper party to a bank's mortgage foreclosure action: when the legal title holder has taken the property after a lis pendens had been filed in the bank's foreclosure action or after the bank's mortgage had been duly recorded and the purchaser had actual or constructive notice of bank's litigation); Andresix Corp. v. Peoples Downtown Nat'l Bank, 419 So. 2d 1107, 1107 (Fla. 3d DCA 1982) ("We affirm the trial court's order denying the motion to intervene filed by

---

[1]"An order denying a motion to intervene is final as to and appealable by the movant." Litvak v. Scylla Props., LLC, 946 So. 2d 1165, 1172 (Fla. 1st DCA 2006) (quoting Y.H. v. F.L.H., 784 So. 2d 565, 567-58 (Fla. 1st DCA 2001)). Moreover, the order is a final, appealable order because even though it was entered after the final judgment of foreclosure, it was dispositive of the issue of Whitburn's standing. See Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So. 2d 78, 79 (Fla. 1976) ("Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment.").

- 4 -

Andresix Corporation upon a holding that Andresix, as a purchaser of property which was then the subject of a mortgage foreclosure action and accompanying lis pendens by Peoples Downtown National Bank, was not entitled to intervene in such action.").

This rule has recently been applied to a purchaser's attempt to intervene after final judgment has been entered in the foreclosure proceeding. In De Sousa v. JP Morgan Chase, P.A., 170 So. 3d 928, 929 (Fla. 4th DCA 2015), the homeowners' association filed an action to foreclose on a lien for unpaid assessments. While that action was pending, the bank filed an action to foreclose on a superior mortgage. Id. The bank also filed an accompanying lis pendens. Id. A foreclosure sale was then held in the homeowners' association's action, and a third party purchased the property. Id. Final judgment was then entered in the bank's foreclosure proceeding, and the third party moved to intervene in the bank's case "based on an interest in [the] property acquired through the foreclosure sale resulting from" the homeowners' association's action. Id. The Fourth District held that the third-party purchaser could not intervene because the purchaser had bought the property after the bank's lis pendens had been filed. Id. at 930. The court also held that the interests of justice did not require intervention because the purchaser could protect its interest in the property by exercising its statutory right of redemption under section 45.0315, Florida Statutes (2013). 170 So. 3d at 931.

The notice of lis pendens filed by Wells Fargo in December 2012 put Whitburn on notice of the pending lawsuit by Wells Fargo and Wells Fargo's claim to the property.

> "Lis pendens" literally means a pending lawsuit, and is defined as the jurisdiction, power, or control that courts

- 5 -

acquire over property involved in a pending suit.  See De Pass v. Chitty, 90 Fla. 77, 105 So. 148, 149 (1925).  The notice, typically recorded in the chain of title was, at common law, intended to warn all persons that a certain piece of property was the subject of litigation, and that any interests acquired during the pendency of the suit were subject to its outcome.  Black's Law Dictionary 942–43 (7th ed. 1999).  The term developed from a common law doctrine that the result of pending litigation affecting property superseded transactions concerning the property before termination of the litigation.  See De Pass, 105 So. at 149.

The purpose of a common law notice of lis pendens was to notify third parties "that whoever subsequently acquires an interest in the property will stand in the same position as the current owner/vendor, and take the property subject to whatever valid judgment may be rendered in the litigation."  See Avalon Assocs. of Delaware Ltd. v. Avalon Park Assocs., Inc., 760 So. 2d 1132, 1134 (Fla. 5th DCA 2000) (citing De Pass, 105 So. at 149).  A notice of lis pendens also operates to protect its proponent by preventing intervening liens that could impair or extinguish claimed property rights.  A notice of lis pendens protects both the lis pendens proponent and third parties by alerting "creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation."  S & T Builders v. Globe Props., Inc., 944 So. 2d 302, 303 n.1 (Fla. 2006) (quoting Am. Legion Cmty. Club v. Diamond, 561 So. 2d 268, 269 n.2 (Fla. 1990)).

Adhin v. First Horizon Home Loans, 44 So. 3d 1245, 1251 (Fla. 5th DCA 2010) (citations omitted).[2]  Because Whitburn purchased the property in June 2013 *after* Wells Fargo filed its notice of lis pendens in December 2012, Whitburn took the property subject to the outcome of the litigation in Wells Fargo's case, including the foreclosure sale to which Wells Fargo was entitled as a result of the judgment entered in its favor.

---

[2]We recognize that Florida's lis pendens statute, section 48.23, Florida Statutes (2012), is more than just procedural and provides more protection than the common law lis pendens.  See U.S. Bank Nat'l Ass'n v. Quadomain Condo. Ass'n, 103 So. 3d 977 (Fla. 4th DCA 2012); Adhin, 44 So. 3d at 1251.

Whitburn makes no assertion on appeal that Rivercrest's interest in the property was superior to Wells Fargo's interest. As noted above, Wells Fargo's complaint alleged that it had a first mortgage on the property and Rivercrest answered that it has priority over all creditors *except the first mortgage.* See Bevans, 138 So. 3d at 1188 (holding that "Bank's senior interest in the property survived the Association's foreclosure" because the Association's " '[f]oreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed' " (alteration in original) (quoting Garcia v. Stewart, 906 So. 2d 1117, 1120 (Fla. 4th DCA 2005))).

We further point out that Wells Fargo's mortgage on the property was recorded in 2006; therefore, even if Wells Fargo had not recorded a lis pendens in its foreclosure action, Whitburn was charged with constructive notice of Wells Fargo's superior interest in the property. "The act of recording an instrument in accordance with [Florida's recording] statute constitutes constructive notice of a prior encumbrance on the property which is the subject of the instrument." Regions Bank v. Deluca, 97 So. 3d 879, 883 (Fla. 2d DCA 2012) (quoting Lafitte v. Gigliotti Pipeline, Inc., 624 So. 2d 844, 845 (Fla. 2d DCA 1993)). "Constructive notice is a legal inference, and it is imputed to creditors and *subsequent purchasers* by virtue of any document filed in the grantor/grantee index—the official records." Id. (emphasis added) (quoting Dunn v. Stack, 418 So. 2d 345, 349 (Fla. 1st DCA 1982)).

Whitburn does not address any of the legal principles discussed above but simply argues that it is the current owner of the property and Wells Fargo's failure to comply with certain statutes deprived Whitburn of its interest in the real property without due process. But "[t]o have standing, a party must demonstrate a direct and articulable

interest in the controversy, which will be affected by the outcome of the litigation." Centerstate Bank Cent. Fla., N.A. v. Krause, 87 So. 3d 25, 28 (Fla. 5th DCA 2012) (citing several cases). The party asserting standing must have "a sufficient stake in a justiciable controversy, with a legally cognizable interest that would be affected by the outcome of the litigation." Id. (citing Gieger v. Sun First Nat'l Bank of Orlando, 427 So. 2d 815, 817 (Fla. 5th DCA 1983)). "The issue of whether a party has standing in a particular action is not subject to a blanket rule, but, instead, requires examination of the asserted interest." Id. Whitburn's interest in this foreclosure proceeding is not a legally cognizable interest because even though it now holds legal title to the property, it purchased the property subject to Wells Fargo's foreclosure proceeding and superior interest in the property. Accordingly, Whitburn does not have standing to object to the sale or intervene in Wells Fargo's foreclosure proceeding.

Finally, we conclude that Whitburn's assertion that Wells Fargo thwarted Whitburn's redemption rights by failing to provide an estoppel letter is without merit. Whitburn ignores section 45.0315, Florida Statutes (2014), which addresses the right of redemption. That statute provides that "the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure." Id.; see also De Sousa, 170 So. 3d at 931 (noting that third-party purchaser could protect its interest in the property by exercising its statutory right of redemption under section 45.0315).

Affirmed.

SILBERMAN and CRENSHAW, JJ., Concur.