NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BONNIE PEALER,                              )
                                            )
        Appellant,                          )
                                            )
v.                                          )   Case No. 2D15-2822
                                            )
WILMINGTON TRUST NATIONAL                   )
ASSOCIATION, as trustee for the             )
MFRA Trust; WILLIAM W. PEALER;              )
KATHLEEN BEDARD, a/k/a                      )
KATHLEEN R. BEDARD; ELIZABETH               )
TURNER; and CLAUD TURNER,                   )
                                            )
        Appellees.                          )
_____)

Opinion filed March 17, 2017.

Appeal from the Circuit Court for Lee
County; James R. Thompson, Senior
Judge.

Michael P. Fuino of Weidner Law,
P.A., St. Petersburg, for Appellant.

D.S. "Dar" Airan of Airan Law, P.A., Miami
(withdrew after briefing); Roger N.
Gladstone, Jason Joseph, and Amina
McNeil of Gladstone Law Group, P.A.,
Boca Raton (substituted as counsel of
record), for Appellee Wilmington Trust
National Association.

No appearance for remaining Appellees.

PER CURIAM.

Affirmed.

CASANUEVA and KHOUZAM, JJ., Concur.
SLEET, J., Concurs specially.

SLEET, Judge, Specially concurring.

Bonnie Pealer appeals the final judgment of foreclosure in favor of Wilmington Trust National Association. On appeal, Mrs. Pealer challenges the admission of the bank's payment history, the bank's standing to foreclose, and the award of attorney fees against Kathleen Bedard and Claud and Elizabeth Turner. I concur with the majority that none of Mrs. Pealer's arguments have merit. I write only to note that because Mrs. Pealer was not a party to the underlying note and mortgage, it is questionable whether she even had standing to raise these issues below.

The record reflects that the note was signed by Ms. Bedard and that the mortgage was signed by Ms. Bedard and the Turners. The mortgage was dated September 10, 2007, and the bank alleged that Ms. Bedard and the Turners defaulted on November 1, 2011. The Pealers acquired the property from a foreclosure sale on July 5, 2011, after the homeowner's association foreclosed on its subordinate lien. JP Morgan Chase filed the first complaint in this action on February 20, 2013, naming the Pealers, the Turners, Ms. Bedard, and others as defendants. Wilmington Trust National Association was substituted as party plaintiff by an agreed order prior to trial. Final judgment of foreclosure was entered in favor of the bank after a nonjury trial.

Ms. Bedard and the Turners took no part in the bank's foreclosure action. However, the Pealers participated fully at trial, disputing the admissibility of the bank's records and challenging the bank's standing to foreclose.  Mrs. Pealer even testified at trial regarding her personal suspicions that the bank had engaged in fraud and forgery in obtaining ownership of the note.  Although by failing to object the bank waived any argument that the Pealers lacked standing to fully participate in the foreclosure proceeding because they were not parties to the note and mortgage, see Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 192 n.2 (Fla. 2d DCA 2016), had they properly preserved such an argument, I believe it would have had merit in this case.

The Pealers took their interest in the property before the bank filed its complaint or lis pendens.  Therefore, they were indispensable parties properly named in the bank's complaint.  See U.S. Bank Nat'l Ass'n v. Bevans, 138 So. 3d 1185, 1188 (Fla. 3d DCA 2014).  However, they did not assume the mortgage at the time they purchased the property; according to Mrs. Pealer's trial testimony, the Pealers took their interest with actual notice of and subject to the bank's superior mortgage.  Thus, they do not stand in the shoes of the mortgagors and cannot participate in the bank's foreclosure as though they were a party to the mortgage.  See, e.g., CCM Pathfinder Palm Harbor Mgmt., LLC v. Unknown Heirs of Gendron, 198 So. 3d 3, 7 (Fla. 2d DCA) ("[I]f a recorded mortgage is valid on its face, a subsequent purchaser 'is assumed to have recognized it as a valid lien against the property which he is buying.' " (quoting Spinney v. Winter Park Bldg. & Loan Ass'n, 162 So. 899, 904 (Fla. 1935))), review denied sub nom. Thebeau v. CCM Pathfinder Palm Harbor Mgmt., LLC, 192 So. 3d 45 (Fla. 2015); Clay Cty. Land Trust No. 08-04-25-0078-014-27, Orange Park Trust Servs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 152 So. 3d 83, 84 (Fla. 1st DCA 2014)

- 3 -

(holding that only a party to a mortgage could challenge a violation of the mortgage's terms); Irwin v. Grogan-Cole, 590 So. 2d 1102, 1104 (Fla. 5th DCA 1991) (holding that a subsequent purchaser who took subject to a superior mortgage could not challenge the running of the statute of limitations). Therefore I question whether the Pealers' limited interest in the property provided them standing to challenge the bank's standing to foreclose or the admissibility of the bank's records at trial.

Standing "requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly." Hayes v. Guardianship of Thompson, 952 So. 2d 498, 505 (Fla. 2006). And "[t]he party asserting standing must have 'a sufficient stake in a justiciable controversy, with a legally cognizable interest that would be affected by the outcome of the litigation.'" Whitburn, LLC v. Wells Fargo Bank, N.A., 190 So. 3d 1087, 1091 (Fla. 2d DCA 2015) (quoting Centerstate Bank Cent. Fla., N.A. v. Krause, 87 So. 3d 25, 28 (Fla. 5th DCA 2012)). "The issue of whether a party has standing in a particular action is not subject to a blanket rule[] but, instead, requires examination of the asserted interest." Krause, 87 So. 3d at 28. As we explained in Whitburn, a third-party purchaser's "interest in [a] foreclosure proceeding is not a legally cognizable interest because even though it now holds legal title to the property, it purchased the property subject to [the bank's] foreclosure proceeding and superior interest in the property." Whitburn, 190 So. 3d at 1091-92.

The Pealers hold a subordinate interest in the property; therefore under section 45.0315, Florida Statutes (2016), they have a right of redemption. At any time before the filing of the certificate of sale, the Pealers "may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified

in the judgment, order, or decree of foreclosure." § 45.0315. They may choose to exercise this right prior to the entry of a foreclosure judgment "by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor." Id. However, until the Pealers assert their right of redemption and attempt to clear title to the property, their interest in the bank's foreclosure action on the note and mortgage is speculative and therefore insufficient to support their standing to challenge the bank's standing to foreclose or admission of evidence at trial. In fact, there is no evidence in the record that the Pealers ever intended to assert their right to redeem the property in this case. To the contrary, the Pealers commented at trial that they were unconcerned with the amount of the final foreclosure judgment because they were not personally liable.

Furthermore, the bank's standing to foreclose derives from its right to enforce the note and mortgage signed by Ms. Bedard and the Turners. See St. Clair v. U.S. Bank Nat'l Ass'n, 173 So. 3d 1045, 1047 (Fla. 2d DCA 2015). To establish its entitlement to foreclosure, the bank had to prove (1) an agreement between itself and Ms. Bedard and the Turners, (2) a default by Ms. Bedard and the Turners, (3) an acceleration to maturity of Ms. Bedard and the Turners' debt, and (4) the amount due by Ms. Bedard and the Turners under the note and mortgage. See Ernest v. Carter, 368 So. 2d 428, 429 (Fla. 2d DCA 1979). At no time were the Pealers parties to the note and mortgage. As such, the Pealers' interest is limited to their possession of the property and is subordinate to the bank's interest, which stems from the note and mortgage. Therefore, the Pealers may participate in the bank's foreclosure proceedings

- 5 -

only to the extent that they plan to exercise their statutory right of redemption and prevent the forced sale of the property. See De Sousa v. JP Morgan Chase, N.A., 170 So. 3d 928, 929 (Fla. 4th DCA 2015) (explaining that the third-party purchaser could protect its interest in the property by exercising its statutory right of redemption under section 45.0315); Eurovest, Ltd. v. Segall, 528 So. 2d 482, 483 (Fla. 3d DCA 1988) ("The inability of a subsequent purchaser to contest the validity of a mortgage does not affect his equitable right of redemption."); cf. REO Props. Corp. v. Binder, 946 So. 2d 572, 574 (Fla. 2d DCA 2006) (holding that a losing bidder at a foreclosure auction's "standing is 'confined to the issue of whether the amount of the bid exceeds his own and whether payment in accordance with the successful bid is forthcoming' " (quoting Heilman v. Suburban Coastal Corp., 506 So. 2d 1088, 1090 (Fla. 4th DCA 1987))).

I recognize that third-party purchasers who purchase properties from subordinate lienholders and pay the taxes, property insurance, and costs of maintaining the properties while superior foreclosure proceedings are pending serve a valuable purpose in the community. See Bonafide Props. v. Wells Fargo Bank, N.A., 198 So. 3d 694, 697-98 (Fla. 2d DCA 2016) (Altenbernd, J., concurring). However, I do not believe that their limited interest in a property grants them standing to fully participate in the bank's foreclosure as though they were a party to the underlying note and mortgage. More often than not, the sole purpose of their participation in the bank's foreclosure is to "unnecessarily protract litigation." See Bymel v. Bank of Am., N.A., 159 So. 3d 345, 347 (Fla. 3d DCA 2015) (quoting Harrod v. Union Fin. Co., 420 So. 2d 108, 108 (Fla. 3d DCA 1982)). And to be sure, the actions taken by the Pealers during the underlying litigation in the instant case did act to prolong the proceedings, when all the while—

according to Mrs. Pealer's own testimony—they continued to collect $1900 a month in rent on the property.

Although the Pealers were proper parties to the bank's foreclosure action, they were not liable under the note and mortgage, and the bank did not allege a default or breach against them in its foreclosure complaint. Therefore, their ability to participate in the foreclosure proceeding should have been limited to their actual interest in the property as third-party purchasers who purchased subject to the bank's superior mortgage.