# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 16-1032
Lower Tribunal No. 15-16399
_____

**Andrey Tikhomirov,**
Appellant,

vs.

**The Bank of New York Mellon f/k/a The Bank of New York, successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2006-A,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Andrey Tikhomirov, in proper person.

McGuireWoods, LLP, and Sara F. Holladay-Tobias, Emily Rottmann, and Ada Agusti Hammond (Jacksonville), for appellee.

Before LAGOA, FERNANDEZ, and LOGUE, JJ.

LAGOA, J.

Andrey Tikhomirov ("Appellant") appeals from an order denying a Verified Emergency Motion to Intervene and Vacate Final Judgment of Foreclosure and Stay Foreclosure Sale. We affirm.

## I.    FACTUAL AND PROCEDURAL HISTORY

As a result of unpaid assessments by the initial owner of the subject property (the "Borrower"), the homeowners' association (the "HOA") filed an action to foreclose on a lien for the unpaid assessments.  On June 18, 2014, the HOA obtained a final judgment of foreclosure.

On July 20, 2015, Bank of New York Mellon ("BNYM") initiated a separate foreclosure action, which named the Borrower and the HOA, among others, as defendants.  On the same date, BNYM filed a lis pendens in the trial court, and subsequently recorded the lis pendens in the public records of Miami-Dade County on July 22, 2015.

While BNYM's foreclosure action was pending, a foreclosure sale based on the HOA's final judgment of foreclosure was held, a Certificate of Sale was issued to Appellant on October 27, 2015, and a Certificate of Title was issued to Appellant on November 9, 2015.

On February 24, 2016, the trial court entered an Unopposed Final Judgment of Foreclosure in favor of BNYM.  In this Final Judgment of Foreclosure, the trial court found that BNYM's lien was superior to all claims of the named defendants,

2

including the HOA, and set a foreclosure sale date for April 7, 2016. The Final Judgment was subsequently recorded in the public records.

On April 4, 2016, after Final Judgment had been entered in favor of BNYM, Appellant filed a combined Verified Emergency Motion to Intervene and Vacate Final Judgment of Foreclosure and Stay Foreclosure Sale. In his Motion to Intervene, Appellant asserted that: (1) he was entitled to intervene in the foreclosure action as the record title owner of the property; (2) he was an indispensable party to the foreclosure action; (3) BNYM had failed to join him as a defendant to the action prior to the entry of the final judgment; and (4) the final judgment was therefore void. Appellant also asserted in his Motion to Vacate and Stay that BNYM had made material misrepresentations regarding its standing to bring the foreclosure action and that Appellant had been denied due process because he did not receive an opportunity to be heard prior to the trial court's entry of final judgment of foreclosure in favor of BNYM.

Following receipt of the Appellant's motions, the trial court entered an order resetting the foreclosure sale and scheduled a hearing on Appellant's motions. Following the hearing on Appellant's motions,[1] the trial court in a written order denied Appellant's motions, and reinstated the cancelled foreclosure sale. Specifically, with regard to Appellant's Motion to Intervene, the trial court denied

---

[1] The transcript of the May 3, 2016, hearing has not been made part of the record on appeal.

3

the motion based upon this Court's decision in <u>Andresix Corp. v. People's Downtown National Bank</u>, 419 So. 2d 1107 (Fla. 3d DCA 1982). At the foreclosure sale held pursuant to BNYM's Final Judgment of Foreclosure, Appellant did not exercise his right of redemption and the property was sold on July 7, 2016. This appeal ensued.

## II.  <u>ANALYSIS</u>

On appeal, Appellant asserts that the trial court should have allowed Appellant's intervention as a matter of equity so that he could protect his interest in the property. In support of his argument, Appellant cites to Florida Rule of Civil Procedure 1.230. Although Rule 1.230 provides that "[a]nyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention," intervention under Rule 1.230 is permissive not mandatory. The Rule further provides that "the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."

Appellant concedes that he purchased the property with notice that it was subject to BNYM's foreclosure action and BNYM's recorded lis pendens.[2] It is

[2] The lis pendens was recorded on July 22, 2015, in the public records of Miami-Dade County.

The act of recording an instrument in accordance with

4

well established that a purchaser of property that is the subject of a pending foreclosure action is not entitled to intervene in the foreclosure action where a notice of lis pendens has been recorded. See Andresix, 419 So. 2d at 1107. This rule stems from the purpose of a notice of lis pendens which "is to notify third parties of pending litigation and protect its proponents from intervening liens that could impair or extinguish claimed property rights." See Centerstate Bank Cent. Fla., N.A. v. Krause, 87 So. 3d 25, 28 (Fla. 5th DCA 2012).

In Andresix, this Court affirmed the trial court's order denying Andresix's motion to intervene in a pending foreclosure action. Specifically, this Court held that "Andresix, as a purchaser of property which was then the subject of a mortgage foreclosure action and accompanying lis pendens by Peoples Downtown National Bank, was not entitled to intervene in such action." 419 So. 2d at 1107; see also SADCO, Inc. v. Countrywide Funding, Inc., 680 So. 2d 1072, 1072 (Fla. 3d DCA 1996) (affirming denial of motion to intervene in a residential foreclosure

---

> [Florida's recording] statute constitutes constructive notice of a prior encumbrance on the property which is the subject of the instrument. Constructive notice is a legal inference, and it is imputed to creditors and subsequent purchasers by virtue of any document filed in the grantor/grantee index—the official records.

Whitburn, LLC v. Wells Fargo Bank, N.A., 190 So. 3d 1087, 1091 (Fla. 2d DCA 2015) (citations omitted) (alteration in original) (emphasis omitted); see also Fla. Stat. § 695.11.

action under the authority of <u>Andresix</u>); <u>Whitburn, LLC v. Wells Fargo Bank, N.A.</u>, 190 So. 3d 1087, 1089 (Fla. 2d DCA 2015) (same). Accordingly,

> when property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is not entitled to intervene in the pending foreclosure action. Indeed, if such a buyer purchases the property, he does so at his own risk because he is on notice that the property is subject to the foreclosure action.

<u>Bymel v. Bank of America, N.A.</u>, 159 So. 3d 345, 347 (Fla. 3d DCA 2015).

In a similar case, <u>De Sousa v. JP Morgan Chase, N.A.</u>, 170 So. 3d 928 (Fla. 4th DCA 2015), our sister court affirmed the trial court's denial of a purchaser's attempt to intervene after final judgment had been entered in a foreclosure proceeding. <u>Id.</u> at 929. In <u>De Sousa</u>, the homeowners' association filed an action to foreclose on a lien for unpaid assessments. While that action was pending, the bank filed an action to foreclose on a superior mortgage and recorded a lis pendens. <u>Id.</u> A foreclosure sale was then held in the HOA's action, and a third party purchased the property. <u>Id.</u> Final judgment was then entered in the bank's foreclosure proceeding, and the third party moved to intervene. <u>Id.</u> The Fourth District Court of Appeal held that the third-party purchaser could not intervene because the purchaser had bought the property after the bank's lis pendens had been recorded. <u>Id.</u> at 930. The Court also held that the interests of justice did not require intervention because the purchaser could protect its interest in the property

6

by exercising its statutory right of redemption under section 45.0315, Florida Statutes. Id. at 931.

"The statutory right of redemption allows the mortgagor or the holder of a subordinate interest to cure the indebtedness and prevent a foreclosure sale up until the time of the filing of a certificate of sale by the clerk of the court" or the time specified in the foreclosure judgment.[3] De Sousa, 170 So. 3d at 931; § 45.0315, Fla. Stat. (2016). Here, Appellant did not exercise his statutory right of redemption and the subject property was sold at the July 7, 2016, foreclosure sale.

Additionally, and similar to the circumstances in De Sousa, because the mortgage on the property executed by the Borrower was recorded prior to both the HOA's lien and Appellant's purchase of the property, BNYM had priority over any interest of Appellant. See Westburne Supply, Inc. v. Cmty. Villas Partners, Ltd., 508 So. 2d 431, 435 (Fla. 1st DCA 1987) (explaining that a lis pendens "serves to protect the interests of a lien claimant against a subsequent bona fide purchaser by giving constructive notice of the claim of lien where actual notice has not been

---

[3] Of significance to this appeal, section 45.0315 provides that

> [a]t any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure . . . . Otherwise, there is no right of redemption.

7

given"). As such, the lis pendens recorded prior to Appellant's purchase of the property placed Appellant on notice of BNYM's superior claim, and the trial court properly exercised its discretion to avoid unnecessary protraction of the foreclosure action in declining to allow Appellant to intervene.

Finally, Appellant argues that the trial court erred in denying his Motion to Vacate filed pursuant to Florida Rule of Civil Procedure 1.540(b)(3). "Under Florida Rule of Civil Procedure 1.540(b), relief from judgment is only available under limited circumstances." Dawson v. Wachovia Bank, N.A., 61 So. 3d 1218, 1221 (Fla. 3d DCA 2011). A Rule 1.540(b)(3) motion seeking relief from judgment based upon fraud requires that the purported fraud be stated with specificity. Specifically,

> Florida Rule of Civil Procedure 1.120(b) requires that the circumstances constituting fraud "be stated with such particularity as the circumstances may permit." This means that a rule 1.540(b)(3) motion must clearly and concisely set out the essential facts of the fraud, and not just legal conclusions. To entitle a movant to an evidentiary hearing, a rule 1.540(b)(3) motion must specify the fraud. In addition to specifying the fraud, the motion should explain why the fraud, if it exists, would entitle the movant to have the judgment set aside.
>
> . . . Requiring rule 1.540(b)(3) fraud to be stated with particularity allows a trial court to determine whether the movant has made a prima facie showing which would justify relief from judgment. . . . If a motion on its face does not set forth a basis for relief, then an evidentiary hearing is unnecessary. The time and expense of needless

8

> litigation are avoided and the policy of preserving the finality of judgments is enhanced.

Flemembaum v. Flemenbaum, 636 So. 2d 579, 580 (Fla. 4th DCA 1994) (citations omitted); see also Federal Home Loan Mortg. Corp. v. De Souza, 85 So. 3d 1125, 1126 (Fla. 3d DCA 2012) ("If a defendant seeks relief from a judgment based upon fraud, he must specify the fraud with particularity and explain why the fraud, if it exists, would change the outcome of the case.").

"Because a trial court is accorded broad discretion in determining rule 1.540(b) motions, the standard of review of an order on a rule 1.540(b) motion for relief from judgment is whether there has been an abuse of the trial court's discretion." Freemon v. Deutsche Bank Trust Co. Americas, 46 So. 3d 1202, 1204 (Fla. 4th DCA 2010) (citation omitted); see also Dawson, 61 So. 3d at 1220.

We find that the trial court did not abuse its discretion in denying the motion for relief from judgment. Appellant neither stated the alleged fraud with sufficient particularity nor explained why the purported fraud would entitle Appellant to have the judgment set aside. Indeed, Appellant presented no competent, sworn, or verified evidence of fraud in his motion to vacate. It is well established that "[t]he plaintiff must raise a prima facie case of fraud, rather than 'nibble at the edges of the concept' through speculation and supposition." Federal Home, 85 So. 3d at 1126. Notwithstanding Appellant's concerns, incorrect or misleading assignments of mortgage are not by themselves indicative of fraud, as assignments of mortgages

9

are not required to transfer mortgages. See WM Specialty Mortg., LLC v. Salomon, 874 So. 2d 680, 682-83 (Fla. 4th DCA 2004) (holding an assignment dated post-complaint does not prevent a mortgage assignee from establishing standing). Accordingly, Appellant's argument concerning the existence or nonexistence of an assignment of mortgage or assignment of the note in the public records would not have changed the outcome of the foreclosure. Because the Motion to Vacate failed to demonstrate a prima facie case of fraud under Florida Rule of Civil Procedure 1.540(b), we affirm the trial court's order denying the motion.

## III. **CONCLUSION**

Accordingly, we find that as a purchaser of a property which was the subject of a mortgage foreclosure action and an accompanying recorded lis pendens, Appellant was not entitled to intervene and the trial court did not abuse its discretion in denying the motion to intervene. We further find that the trial court did not abuse its discretion in denying the motion to vacate final judgment and stay the foreclosure sale.

Affirmed.