DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**3709 N. FLAGLER DRIVE PRODIGY LAND TRUST,
MANGO HOMES LLC,** as Trustee,
Appellant,

v.

**BANK OF AMERICA, N.A., DEREK HOVEY, JENNIFER HOVEY** a/k/a
JENNIFER COOK, **CITY OF WEST PALM BEACH, FLORIDA,** et al.,
Appellees.

No. 4D16-3255

[August 30, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 2013CA014335 XXXXMB.

Michael Farrar, Doral, for appellant.

No brief filed for appellees.

PER CURIAM.

Appellant challenges the trial court's entry of final judgment of foreclosure against its interest in the property which is subject to a mortgage. The trial court concluded that appellant, which received title to the property by quitclaim deed prior to the institution of foreclosure proceedings, could not contest the appellee's standing to bring the foreclosure action. We hold that appellant was a proper party to the proceedings; thus, the court erred in refusing to allow appellant to contest the appellee's standing to bring the foreclosure proceeding. We reverse.

In 2009, the appellee Bank of America ("the Bank") originally sought to foreclose on a mortgage given to Amnet Mortgage Inc., d/b/a American Mortgage of Florida, Inc., by Jennifer and Derek Hovey on property owned by them. But in 2012, the Bank voluntarily dismissed the proceedings. The Hoveys transferred title to 3709 N. Flagler Dr. Prodigy Land Trust ("the Trust" or "appellant") by quitclaim deed in August 2013. The next month the Bank refiled its foreclosure complaint, but it failed to make appellant a party. The lis pendens was filed *after* the transfer of title to appellant.

After securing a default final judgment, the property was sold and certificate of sale issued in February 2015. Discovering the sale, appellant moved to intervene and to vacate the sale and judgment. The court granted the motion and vacated the final judgment. In June 2015, the Bank refiled the complaint, adding appellant as a party. Appellant answered and raised as an affirmative defense the Bank's lack of standing to enforce the note.

At trial, the Bank asserted that appellant was not a party to the note or mortgage, and thus should not be allowed to contest anything other than damages at trial. Appellant contended that it had the right to contest the Bank's standing to foreclose on the mortgage. The court also mistakenly believed that appellant was an intervenor instead of a party to the proceeding. Citing to *Whitburn, LLC v. Wells Fargo Bank, N.A.*, 190 So. 3d 1087 (Fla. 2d DCA 2015), the trial court ultimately reasoned that appellant did not have standing to contest the Bank's ability to foreclose. Further, there was no finding by the court that the transfer of ownership to appellant via quitclaim deed was done in an attempt to frustrate the timely resolution of the foreclosure action. The court required the Bank to prove only the amount of damages and did not entertain appellant's arguments on standing, nor did the Bank's witness testify as to its standing. Although the court was later apprised that appellant was indeed a party and not an intervenor, the court did not change its ruling. After the final judgment of foreclosure was entered, appellant appealed.

"Standing is, in the final analysis, that sufficient interest in the outcome of litigation which will warrant the court's entertaining it." *Gen. Dev. Corp. v. Kirk*, 251 So. 2d 284, 286 (Fla. 2d DCA 1971). An owner of property must be joined in a foreclosure proceeding of that property in order to make a decree of foreclosure valid. *See Jordan v. Sayre*, 24 Fla. 1, 3 So. 329, 330 (1888); *see also English v. Bankers Tr. Co. of Cal.*, 895 So. 2d 1120, 1121 (Fla. 4th DCA 2005). In this case, the Bank recognized this maxim by agreeing to the vacation of the original final judgment and refiling the complaint to join appellant as a party to the case. Therefore, there is no question that appellant had standing to contest the foreclosure proceeding.

The trial court relied on *Whitburn* for its ruling. There, Whitburn acquired title to property after a foreclosure complaint and notice of lis pendens was filed. Whitburn then sought to intervene post-judgment to cancel the sale of the property. The trial court denied the motion on the basis that Whitburn had no standing, and the Second District affirmed, first noting that Whitburn was not a party to the foreclosure. In agreeing that Whitburn had no standing, the court relied on the well-established

principle "when property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is not entitled to intervene in the pending foreclosure action." 190 So. 3d at 1089. (citations omitted). Therefore, because it did not acquire its interest until after the filing of the lis pendens, it had no "sufficient stake in a justiciable controversy, with a legally cognizable interest that would be affected by the outcome of the litigation." *Id.* at 1091 (citations omitted).

We agree with *Whitburn* that the acquisition of title to property after the filing of a foreclosure complaint and notice of lis pendens does not confer on the title holder standing to intervene in the foreclosure proceeding, because the title holder's interest is clearly inferior, as a matter of law, to the interest of the foreclosing party. In this case, however, the appellant Trust acquired its title *prior to* the filing of the complaint and lis pendens and was made a party to the proceeding. Thus, *Whitburn* is inapplicable.

The trial court seized on language in *Whitburn* which we deem as mere dicta. The court in *Whitburn,* in further attempting to buttress its conclusion said, "We further point out that Wells Fargo's mortgage on the property was recorded in 2006; therefore, even if Wells Fargo had not recorded a lis pendens in its foreclosure action, Whitburn was charged with constructive notice of Wells Fargo's superior interest in the property." *Id.* While that is certainly true, as noted above an owner of property whose interest was acquired before the filing of a foreclosure complaint and lis pendens is an indispensable party to a foreclosure proceeding. The dicta in *Whitburn* should not be read to conclude that any subsequent purchaser would have no standing to contest a foreclosure proceeding, even when the interest is acquired prior to the filing of the notice of lis pendens. We do not think that the Second District intended such a result. It merely noted that Whitburn's interest would always be inferior to the mortgage and thus another reason why post judgment intervention should be denied. Thus, *Whitburn* is simply inapposite.

The question, then, is whether appellant Trust can assert the affirmative defense of lack of standing to bring the foreclosure proceeding. The Trust obtained title to the property subject to the mortgage, no doubt. Such a purchaser is estopped from contesting a mortgage which is *valid* on its face. *See Eurovest, Ltd. v. Segall,* 528 So. 2d 482, 483 (Fla. 3d DCA 1988). But contesting standing of a plaintiff to bring a foreclosure action is *not* contesting the validity of the mortgage itself. Further, if the plaintiff does not have standing, it is not entitled to enforce the note and foreclose on the property. Standing in a foreclosure proceeding requires the plaintiff to show that it is the holder or is in possession of the note at the time of filing suit. *See Caraccia v. U.S. Bank, Nat'l Ass'n,* 185 So. 3d 1277, 1279

(Fla. 4th DCA 2016). A subsequent title owner may contest the plaintiff's standing to foreclose on the mortgage to the extent that there is no prejudicial delay to the proceedings occasioned by any transfer of ownership during the pending process. A subsequent purchaser has an interest in assuring that the foreclosing plaintiff actually has the authority to bring the suit and is entitled to raise such a defense so long as they do not cause unreasonable delay to any ongoing proceedings. To hold otherwise would allow a stranger to the note and mortgage to foreclose on the property, and a subsequent purchaser would never have the ability to defend against the taking of a bona fide interest in the property through a foreclosure sale.

Because we hold that the appellant was entitled to allege the Bank's lack of standing as an affirmative defense, the trial court erred in refusing to allow appellant to assert this defense at trial and in entering final judgment without the Bank establishing its standing to foreclose. We thus reverse the final judgment for a new trial in which appellant's affirmative defense can be litigated.

*Reversed and remanded for further proceedings.*

WARNER, CIKLIN and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4