997 So.2d 1185 (2008)
AVENTURA BEACH CLUB CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Rochelle BLAUSTEIN, Appellee.
No. 3D08-525.
District Court of Appeal of Florida, Third District.
December 17, 2008.
Cole Scott & Kissane and Luisa M. Linares, Miami, for appellant.
Kramer, Green, Zuckerman, Greene and Buchsbaum and Robert I. Buchsbaum, Hollywood, for appellee.
Before COPE, RAMIREZ, and LAGOA, JJ.
PER CURIAM.
We treat the instant appeal as being an appeal of a nonfinal order determining jurisdiction of the person. See Fla. R.App. P. 9.130(a)(3)(C)(i); Palamara v. World Class Yachts, Inc., 824 So.2d 194 (Fla. 4th DCA 2002). The defendant-appellant condominium association contended that the plaintiff-appellee had never served the association with process and thus never acquired jurisdiction over it. The plaintiff argued that the registered agent was properly served.
The trial court conducted an evidentiary hearing and resolved the conflicts in the testimony in favor of the process server, whom the trial court found to be credible. The trial court concluded that the registered agent had been served with process. The trial court's factual determination is supported by competent substantial evidence. See Emmer v. Brucato, 813 So.2d 264, 266 (Fla. 5th DCA 2002); see also Latin Am. Cafeteria, Inc. v. Zales Meats Distribs., Inc., 921 So.2d 768 (Fla. 3d DCA 2006). We therefore affirm the trial court's order which determined that the registered agent had been properly served.
We note that in the proceedings below, the association filed an addendum to its motion to set aside the default. The addendum appears to make an alternative argument that the default should be set *1186 aside on other grounds, even if the agent was properly served. It does not appear that the trial court has ruled on that claim. Our affirmance is without prejudice to the association to seek a ruling on the issue it has raised in its addendum and to amend the addendum if necessary. See generally Hialeah, Inc. v. Adams, 566 So.2d 350, 350-51 (Fla. 3d DCA 1990); Somero v. Hendry Gen. Hosp., 467 So.2d 1103, 1105-06 (Fla. 4th DCA 1985).
Because there may be further proceedings on the default issue, we point out that a motion to set aside a default proceeds under Florida Rule of Civil Procedure 1.500(d). There has been some confusion in this case because after the default was entered (and before the association became aware of the case), the plaintiff (based on the default) obtained entry of a Final Default Judgment as to Liability. Because the order stated that it was a final judgment on liability, the parties concluded that the association's only available remedy was a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b). That is not correct. By its terms, Rule 1.540 applies to final judgments. Id.; Nolan's Towing & Recovery v. Marino Trucking, Inc., 581 So.2d 644, 645 (Fla. 3d DCA 1991). The Final Default Judgment as to Liability is merely an interlocutory order entering a default, and can be revisited by the trial court at any time prior to final judgment.
For the stated reasons, we affirm the order now before us, which concluded that the registered agent had been served with process. This ruling is without prejudice to the association to pursue its alternative request to set aside the default.
Affirmed.