PER CURIAM.
Washington Sanchez (“Sanchez”) appeals from a summary final judgment for foreclosure in favor of LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust (“LaSalle”). We reverse.
Sanchez defaulted under the terms of his mortgage, and LaSalle filed suit for mortgage foreclosure. In response, Sanchez filed an answer and affirmative defenses. Among other things, Sanchez alleged that LaSalle did not comply with the federal Truth-in-Lending Act (“TILA”), 15 U.S.C. § 1601 et seq.
Thereafter, LaSalle responded to the affirmative defenses, and moved for summary judgment. Shortly before the hearing on the motion for summary judgment, Sanchez moved to add additional affirmative defenses. The trial court granted Sanchez’ motion, but then sua sponte struck all of Sanchez’ affirmative defenses. The trial court also granted LaSalle’s motion for summary judgment.
On appeal, Sanchez asserts that the trial court erred in striking his affirmative defenses and entering summary judgment. LaSalle contends the trial court properly struck the affirmative defenses because *228 they were not specific or supported. We agree with Sanchez.
Generally, the striking of pleadings is not favored. See, e.g., Menke v. Southland Specialties Corp., 637 So.2d 285 (Fla. 2d DCA 1994); Costa Bella Dev. Corp. v. Costa Dev. Corp., 445 So.2d 1090 (Fla. 3d DCA 1984). Florida Rules of Civil Procedure authorize a trial court sua sponte to strike a pleading which is “redundant, immaterial, impertinent or scandalous,” and, upon a party’s motion, a pleading which is sham. Fla. R. Civ. P. 1.140(f), 1.150. A trial court, however, should not strike a pleading sua sponte on the ground that it is legally insufficient, or because the party subsequently may not be able to prove his or her allegations. Bay Colony Office Bldg. Joint Venture v. Wachovia Mortgage Co., 342 So.2d 1005 (Fla. 4th DCA 1977).
Here, the trial court, on its own motion, struck Sanchez’ affirmative defenses without finding them redundant, immaterial, impertinent, scandalous or a sham. Apparently, the trial court deemed the defenses to be lacking in specificity and support. Neither of these grounds warrants the sua sponte dismissal of Sanchez’ affirmative defenses.
Accordingly, we reverse the final summary judgment, and remand the cause for further proceedings.
Reversed and remanded.