# Third District Court of Appeal

## State of Florida

Opinion filed February 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-817
Lower Tribunal No. 16-32143
_____

## Benzrent 1, LLC,

Appellant,

vs.

## Wilmington Savings Fund Society, FSB, etc.,

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

The Bravo Law Firm, PLLC, and Jason Bravo, for appellant.

Margaret E. Kozan, P.A., and Margaret E. Kozan (Winter Park); Lender Legal Services, LLC, and Joseph Towne and Nicholas Geraci (Orlando), for appellee.

Before SALTER, SCALES and HENDON, JJ.

SCALES, J.

In this foreclosure case, Benzrent 1, LLC ("Benzrent"), the defendant below, appeals an order granting final summary judgment of foreclosure in favor of the plaintiff below, Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust, Series 2-14-4 ("Wilmington"). We conclude that the trial court erred, as a matter of law, in striking Benzrent's pleading for lack of standing and then entering judicial default against Benzrent.

## I.    FACTS AND RELEVANT PROCEDURAL BACKGROUND

In November 2014, Benzrent became the owner in fee simple of a condominium unit located in Miami-Dade County. Benzrent purchased the property subject to a mortgage securing a promissory note. Benzrent was not a party to either the promissory note or the mortgage securing the note, and Benzrent did not assume the obligations of either the note or mortgage at the time it purchased the property.

In December 2016, Wilmington filed the instant action to foreclose on the mortgage, naming Benzrent as a defendant because Benzrent then held title to the subject property. Benzrent filed an answer and affirmative defenses, alleging, among other affirmative defenses, that Wilmington lacked standing to foreclose on the subject mortgage.

In April 2017, Wilmington moved, pursuant to Florida Rule of Civil Procedure 1.140, to strike Benzrent's answer and affirmative defenses. Relying

upon Judge Sleet's special concurrence in <u>Pealer v. Wilmington Trust National Ass'n</u>, 212 So. 3d 1137 (Fla. 2d DCA 2017), Wilmington argued that Benzrent lacked standing both to raise Wilmington's lack of standing to foreclose as an affirmative defense, and to challenge Wilmington's admission of evidence at trial. The trial court granted Wilmington's motion and struck Benzrent's pleading.

In July 2017, Benzrent filed a first amended answer and affirmative defenses. Therein, Benzrent again raised, as one of several affirmative defenses, Wilmington's lack of standing to foreclose. Wilmington filed another rule 1.140 motion to strike Benzrent's first amended answer and affirmative defenses, again claiming that Benzrent – a non-party to the note and mortgage – lacked standing both to raise Wilmington's lack of standing to foreclose as an affirmative defense, and to challenge Wilmington's admission of evidence at trial.

On September 26, 2017, the trial court conducted a hearing on Wilmington's motion to strike. At the hearing, Benzrent's counsel argued that Benzrent had, at the very least, standing to raise Wilmington's lack of standing to foreclose as an affirmative defense, citing the Fourth District's then recently issued opinion in <u>3709 N. Flagler Drive Prodigy Land Trust v. Bank of America, N.A.</u>, 226 So. 3d 1040 (Fla. 4th DCA 2017) (determining that a subsequent title owner may challenge a foreclosing plaintiff's lack of standing to foreclose on a mortgage). Relying upon Judge Sleet's special concurrence in <u>Pealer</u>, the trial court rejected

Benzrent's argument stating, "I think the 2nd [District] is correct; there's a conflict. So [Wilmington's] motion is granted." The trial court entered an order striking Benzrent's pleading.

With Benzrent's pleading struck for a second time, Wilmington moved for and obtained a judicial default. Wilmington then moved for summary judgment. In February 2018, at a summary judgment hearing before a successor judge, Benzrent's counsel made an *ore tenus* motion to vacate the judicial default, arguing that Benzrent's amended answer and affirmative defenses had been improperly struck. Stating that the predecessor judge's rulings were "law of the case," the trial court denied the motion to vacate the judicial default and, later that same day, entered a final summary judgment of foreclosure in favor of Wilmington. We reverse the final summary judgment for the following reasons.

## II.    ANALYSIS[1]

First, we conclude that the predecessor judge erred in striking Benzrent's pleading. Though it is somewhat unclear from the September 26, 2017 hearing transcript, when the predecessor judge struck Benzrent's pleading, it appears that the court was under the mistaken impression that Pealer was a majority opinion of

---

[1] We review a rule 1.140 order striking an affirmative defense for an abuse of discretion. See Roach v. Totalbank, 85 So. 3d 574, 577 (Fla. 4th DCA 2012). "Whether a ruling is the law of the case is a question of law, which this court reviews de novo." TRW Auto. U.S. LLC v. Papandopoles, 949 So. 2d 297, 300 (Fla. 4th DCA 2007).

the Second District; it was not. <u>Pealer</u> was a *per curiam* affirmance with a special concurring opinion that was not joined by the other panel members. Concurring opinions, of course, have no precedential value. <u>See</u> <u>Miller v. State</u>, 980 So. 2d 1092, 1094 (Fla. 2d DCA 2008). Absent a conflict, and because this Court had no binding precedent on this issue, the predecessor judge was duty bound to follow the Fourth District's decision in <u>3709 N. Flagler</u>. <u>See</u> <u>Pardo v. State</u>, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts."); <u>Miller</u>, 980 So. 2d at 1094. The trial court's failure to follow <u>3709 N. Flagler</u> resulted in the erroneous striking of Benzrent's responsive pleading.[2]

Second, we conclude that the successor judge erred in denying Benzrent's *ore tenus* motion to vacate the judicial default on the basis that the predecessor judge's rulings were somehow "law of the case." Rather than constituting "law of the case," the challenged judicial default was clearly an interlocutory order. <u>See</u> <u>Aventura Beach Club Condo. Ass'n, Inc. v. Blaustein</u>, 997 So. 2d 1185, 1186 (Fla. 3d DCA 2008). As such, it could "be revisited by the trial court at any time prior to final judgment." <u>Id.</u>; <u>see also</u> <u>Dawkins, Inc. v. Huff</u>, 836 So. 2d 1062, 1065

---

[2] While this Court has not directly addressed the standing issue decided in <u>3709 N. Flagler</u>, in <u>Wilmington Trust, N.A. v. Alvarez</u>, 239 So. 3d 1265, 1266 n.1 (Fla. 3d DCA 2018), this Court cited <u>3709 N. Flagler</u> with approval with respect to a defendant, who is not a party to the mortgage, being able to raise the affirmative defense that the underlying foreclosure action was barred by the statute of limitations.

(Fla. 5th DCA 2003) ("[A] court always has jurisdiction during the progress of a case to set aside or modify an interlocutory order before final judgment."). This holds true even where, as here, a predecessor judge entered an interlocutory order and the litigant moved to vacate the order before a successor judge. See Tingle v. Dade Cty. Bd. of Cty. Comm'rs, 245 So. 2d 76, 78 (Fla. 1971) ("While a judge should hesitate to undo his own work, and should hesitate still more to undo the work of another judge, he does have, until final judgment, the power to do so and may therefore vacate or modify the Interlocutory rulings or orders of his predecessor in the case.").

## III. CONCLUSION

For these reasons, we reverse the final summary judgment and remand this cause to the lower court with directions to vacate the judicial default, and to give leave to Benzrent to file a second amended pleading to respond to Wilmington's complaint and to raise any and all available affirmative defenses.[3]

Reversed and remanded.

---

[3] We decline Wilmington's invitation to adjudicate in the first instance whether the affirmative defenses set forth by Benzrent in the lower proceeding were either legally sufficient or factually refuted by the record.