# Third District Court of Appeal

## State of Florida

Opinion filed August 11, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1785
Lower Tribunal No. 15-9916
_____

**Mario Morikawa,**
Appellant,

vs.

**Norberto Castro, et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Ivan A. Guerrero, LLC, and Ivan A. Guerrero, and Juan C. Mercado, for appellant.

No appearance for appellees.

Before FERNANDEZ, C.J., and LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Mario Morikawa, challenges an order dismissing his counterclaim against appellee, Norberto Castro.[1]  On appeal, Morikawa contends the lower tribunal erred in dismissing the action on its own initiative for failure to comply with the Florida Rules of Civil Procedure.  Having carefully reviewed the record, we affirm in part and reverse in part.[2]

## BACKGROUND

In the aftermath of a commercial transaction, Castro filed suit against Morikawa, alleging breach of contract, fraudulent inducement, and conversion.  So began a procedural quagmire spawned by substantial delays, a series of pleadings, and a succession of trial court judges.  We recite only the facts relevant to our analysis.

Morikawa moved to dismiss the complaint, and Castro was granted leave to file an amended complaint.  Morikawa then filed a motion to dismiss the amended complaint.  By way of a contemporaneously filed separate document, he also asserted a lengthy counterclaim and crossclaim.

---

[1] We have jurisdiction.  See Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A., 621 So. 2d 507, 509 (Fla. 2d DCA 1993) ("The dismissal of a compulsory counterclaim with prejudice is not considered a final disposition and is, thus, not appealable until a final disposition of the original cause has obtained on the merits.") (citations omitted).

[2] Castro was precluded from filing an answer brief in this appeal.

Castro moved to strike or dismiss the counterclaim, asserting it was improperly filed in the absence of a responsive pleading. Morikawa then withdrew his motion to dismiss, and, despite agreeing to serve a responsive pleading within a fixed time, filed a successive dismissal motion, complete with a 306-paragraph answer, counterclaim, and crossclaim, bearing more than a few isolated hallmarks of a "shotgun pleading."

Castro filed a motion to dismiss the first count of the counterclaim and concurrently filed an answer. The court denied the motion, but, inscrutably, without striking the answer to the counterclaim and in the absence of any motion requesting such relief, ordered Castro to file an amended answer to the counterclaim.

Meanwhile, Castro amended his complaint three more times, culminating in the fourth amended complaint, which Morikawa sought to dismiss. The trial court dismissed all counts of the fourth amended complaint, save one, and allowed ten days leave to amend, if desired.

After various procedural events not germane to this appeal, Morikawa moved for a default on the counterclaim. A successor judge conducted a hearing, denied entry of default, ostensibly because the answer remained of record, and struck the counterclaim by way of a perfunctory order referencing noncompliance with the Florida Rules of Civil Procedure. Morikawa

3

unsuccessfully sought reconsideration, and several weeks later, the trial court dismissed the case in its entirety. The instant appeal ensued.

**ANALYSIS**

Morikawa correctly posits that "[w]hen a trial judge sua sponte dismisses a cause of action on grounds 'not pleaded,' the trial judge denies the parties due process because the claim is being dismissed without 'notice and an opportunity for the parties . . . to be heard.'" Barile v. Gayheart, 80 So. 3d 1085, 1087 (Fla. 2d DCA 2012) (citation omitted) (quoting Liton Lighting v. Platinum Television Grp., Inc., 2 So. 3d 366, 367 (Fla. 4th DCA 2008)); see Hancock v. Tipton, 732 So. 2d 369, 372 (Fla. 2d DCA 1999) ("Where an order adjudicates issues neither presented by the pleadings nor litigated by the parties, it denies fundamental due process and must be reversed.") (citation omitted); see also Sanchez v. LaSalle Bank Nat'l Ass'n, 44 So. 3d 227, 228 (Fla. 3d DCA 2010) ("A trial court . . . should not strike a pleading sua sponte on the ground that it is legally insufficient.") (citation omitted). In the instant case, however, Castro urged dismissal through two separately filed motions. As it is well-established a trial court may revisit an interlocutory order at any time before entry of judgment, we examine whether the grounds asserted in the motions justified dismissal. See Benzrent 1, LLC

4

v. Wilmington Sav. Fund Soc'y, FSB, 273 So. 3d 107, 110 (Fla. 3d DCA 2019).

In his first motion, Castro argued Morikawa impermissibly filed a "stand alone" counterclaim, in the absence of an answer. While there is a well-reasoned body of persuasive legal authority suggesting it is improper to file a counterclaim in the absence of a pleading, and that is just what Morikawa did at the inception of the case, any deficiency was rendered moot by the subsequent filing of the hybrid pleading containing both an answer and counterclaim in response to the amended complaint. See Henry P. Trawick, Trawick's Florida Practice and Procedure § 13:1 (2020-2021 ed.) ("Counterclaims, counterpetitions and crossclaims are the part of an answer that seeks affirmative relief. The principles applicable to pleadings seeking affirmative relief . . . apply to those served by defending parties."); see also Bernstein v. IDT Corp., 582 F. Supp. 1079, 1089 (D. Del. 1984) (applying Rule 13(a) and 7(a) of the Federal Rules of Civil Procedure as requiring counterclaims to be raised in either a complaint or answer); Cornell v. Chase Brass & Copper Co., 48 F. Supp. 979, 980 (S.D.N.Y. 1943) (finding "only an answer may contain a counterclaim").

In his second motion, Castro contended certain allegations in the counterclaim were repugnant to an appended and incorporated document.

See Fla. R. Civ. P. 1.130; <u>Ginsberg v. Lennar Fla. Holdings, Inc.</u>, 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("Exhibits attached to the complaint are controlling, where the allegations of the complaint are contradicted by the exhibits, the plain meaning of the exhibits will control.") (citations omitted). Although well-taken, the motion was only directed at the first count of the counterclaim. Thus, neither motion provided a basis for dismissal of the counterclaim in its entirety.

While cognizant of the fact the counterclaim failed in brevity and the stream of motions served to further obfuscate an existing morass, we are constrained to impute error in the dismissal of the entire action "without at least affording [Morikawa] notice and an opportunity to be heard," or an opportunity to correct any deficiencies. <u>Wells Fargo Bank, N.A. v. Giesel</u>, 155 So. 3d 411, 412-13 (Fla. 1st DCA 2014) (citation omitted). Accordingly, we affirm the dismissal of count one and reverse the dismissal of the remaining counts of the counterclaim.

Affirmed in part, reversed in part, and remanded.

FERNANDEZ, C.J., concurs.

LINDSEY, J., concurs in result only.